## Michael Harrigan v. The Chicago & Iowa R. R. Co.

1. VERDICT—*Directed for the Defendant, When.*—In an action for
negligence, the burden of proof is upon the plaintiff, and if, at the trial,
there is such a substantial failure of proof as to any one of the indispen-
sable prerequisites to a recovery that the court would be bound to set
aside a verdict for the plaintiff if returned, the court will be justified in
directing the jury to find for the defendant.

Memorandum.—Action in case.   Error to the Circuit Court of Ogle
County; the Hon. JOHN D. CRABTREE, Judge, presiding.   Heard in this
court at the December term, 1893, and affirmed.   Opinion filed May 22,
1893.

° The opinion states the case.

J. W. ALLABEN and E. M. WINSTON, attorneys for plaintiff
in error.

BRIEF FOR DEFENDANT IN ERROR, HOPKINS, ALDRICH &
THATCHER AND BAXTER & GARDNER, ATTORNEYS;
O. F. PRICE, OF COUNSEL.

The proper and legitimate use of its side-tracks can not
render the company obnoxious to the charge of negligence.
Wabash, St. L. & P. Ry. Co. v. Hix, 13 App. Ct. 407.

It is a principle of jurisprudence under both the civil and
common law, that to entitle a party to recover for damages
alleged to have been sustained in consequence of the negli-
gence of another, there must not only be negligence in fact,
but it must have been the proximate cause of the injury.
C. & A. R. R. Co. v. Bicker, 76 Ill. 25.

The courts of this State have repeatedly held that the
burden of proving the negligence is on the part of plaintiff,
and he must show that the negligence complained of pro-
duced the injury. Q., A. & St. L. R. R. Co. v. Wellhoener,
72 Ill. 60; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; C. &
A. R. R. Co. v. Mock, 88 Ill. 87.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE
COURT.

Plaintiff in error brought suit against defendant in error
to recover damages sustained in consequence, as he alleged,
of a box car being left standing on a side-track of defendant
in error, projecting over the line of the street on which he
was driving and frightening his horse.

There was a trial, and at the conclusion of the evidence
the court directed a verdict for the defendant, which was
returned accordingly, and judgment was entered against the
plaintiff for costs. The only question presented is whether
the action of the court in directing the verdict was justi-
fiable.

The street upon which the accident occurred is in the
village of Forreston, and runs east and west across the depot
grounds of the defendant and the Illinois Central Railroad
Company. There are ten tracks across the street at that
place. The first track on the west is the e    tor track of the

Illinois Central. East of that is a considerable open space, next to which there are four tracks of that road followed by another open space and a spur track and connecting track, and on the east side of the grounds are three tracks of the defendant. At the time of the occurrence there was a sidewalk on the north side of the street, but there was none on the south side. The crossings of the tracks for the driveway were made of plank, sixteen feet long, and in the usual manner, and were located somewhat north of the center of the street. The box car stood on the east track at the south side of the street. There was nothing at that point to mark the boundary line of the street, but its location could be determined by a line of posts on the grounds of the Illinois Central, and the evidence was that the north end of the car projected over the boundary line. It is claimed that this was a violation of section 14 of an act in relation to fencing and operating railroads, in force July 1, 1874 (Starr & Curtis' Stat., p. 1939), prohibiting the obstructing of highways by leaving cars on the track exceeding ten minutes, and that the defendant was responsible for all the consequences resulting from an act so prohibited. The car was twenty feet or more from the south end of the plank crossing at the driveway, and did not in any manner interfere with or obstruct passage along the street. If it affected in any manner or to any degree the right to the use of the street as it was ordinarily used, it could only be by making it less secure on account of some tendency in a car to alarm a horse; and this is the particular consequence which it is claimed resulted from the act, and caused the damage sued for.

If the proposition that fault was imputable to the defendant in the location of the car, either on account of the statute or otherwise, should be conceded or regarded as proved, it would not follow that the defendant should be held accountable for plaintiff's injury, unless he should also prove that such fault was the proximate cause of the injury, and that he was in the exercise of ordinary care for his own safety. The burden of proof upon these questions was on the plaintiff, and if at the trial there was such a substantial

failure of proof as to either of such indispensable requisites to a recovery that the court would have been bound to set aside a verdict for plaintiff if returned, then the action of the court was clearly right.

The accident occurred about two o'clock in the afternoon of May 3, 1891.

The plaintiff worked on a farm west of the village and had driven from the farm in a cart with a horse four years old, of draft stock. He approached the tracks from the west. There was testimony of disinterested and apparently credible witnesses, that the horse stopped at the first track, which was the elevator track of the Illinois Central, and evinced an unwillingness to go over that track before the appearance of the car could have affected him in any way; but for the purpose of the question presented we will assume that the jury, if no direction had been given, might have disbelieved such testimony, and consider only the evidence as presented by the plaintiff. According to his statement he saw nothing wrong with the horse until he was between the tracks of the Illinois Central and the defendant, where there was a space, as he stated, of twenty or thirty feet. The horse then stopped and whirled around toward the north, and came around facing the west. The plaintiff brought the horse around to the east, when he whirled around again and commenced to back. Plaintiff then commenced to use the whip and struck the horse, bringing him around toward the crossing, and he went across the several tracks on a trot. When he reached the east crossing, south of which the car stood, he shied a couple of feet to the north, and as he went over the crossing he kicked the plaintiff, and a little further kicked again, and finally threw the plaintiff out and ran away. There was nothing unusual in the appearance of the car, and as it was standing still, it could have no greater tendency to produce a mental disturbance in the horse, than any other object of like dimensions. The horse was not so near the car when he became fractious and whirled around, as to make it certain that it was the cause of alarm. It could scarcely have been an adequate cause

for such conduct in a horse of ordinary gentleness or tractability. It seems far more likely that his excitement was due to the presence of the tracks and the surroundings in general, but if his conduct was caused by fear of the car as claimed, the plaintiff did nothing to overcome such fear, or to avoid the consequences. There can be no question that whipping does not tend to remove fear or allay excitement, and that no reasonable person would suppose that such would be its effect. There was no necessity for taking the opinion of a jury on that question. Taking the evidence most favorably for the plaintiff, it shows that he forced the horse by the use of the whip to cross the tracks from the space east of the Illinois Central tracks, and is so devoid of any tendency to prove an exercise of ordinary care on the part of plaintiff, that a verdict founded upon it could not stand. The evidence proved a fractious disposition on the part of the horse on that occasion at least, and a determination on the part of the plaintiff to force obedience by means of the whip and reins regardless of consequences. The result was that the horse kicked and finally ran away. For the damage so occasioned the defendant could not be held accountable. The judgment will be affirmed.