## Chicago Great Western Railway Company v. John A. Kenyon, Adm'r.

1. NEGLIGENCE—*Allowing a Railroad Car to Obstruct a Street Crossing.*—Leaving a box car in such a position as to partially obstruct a public highway crossing for a period of five minutes, by a freight engine engaged in switching, is not such an act, in and of itself, as to constitute negligence, and render the company liable for injuries sustained by one who undertakes to pass, and in doing so is hurt by reason of his horse becoming frightened at the car.

Trespass on the Case—Death from negligent act. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the December term, 1896. Reversed without remanding. Opinion filed June 26, 1897.

H. E. GARDNER and T. E. RYAN, attorneys for appellant.

OSCAR JONES and BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by appellee as adminsitrator of the estate of his daughter, Adelia Kenyon, deceased, who died from injuries alleged to have been caused by the negligence of appellant.

There was a trial by jury and verdict for appellee for $685. The court overruled a motion for new trial and entered judgment on the verdict.

There are a number of assignments of error, but the principal one is, that the verdict is against the law and the evidence. It is earnestly contended by counsel for appellant that upon the facts appearing in the evidence there can be no recovery.

As we gather the facts from the record, the circumstances under which the deceased received the injuries which caused her death, were substantially as follows:

On August 6, 1895, the deceased, a girl about fourteen years of age, together with her grandmother, Mrs. Kenyon, and her aunt, Mrs. Dove, with a borrowed horse and buggy, were driving from St. Charles, in said Kane county, to the camp meeting grounds about three miles west of that place. Near certain malleable iron works the highway crosses appellant's railroad, where there are two side tracks connected by switches. The accident happened between switch "one" and switch "two," a little northerly from the traveled way. As these three persons (two grown people and a girl of fourteen years,) approached the crossing or intersection of the highway and all the tracks, all seated in a single buggy, there stood upon the track known as switch No. 2 a box car, which projected partially into the traveled portion of the highway, and thus to some extent obstructed the crossing, leaving only a space of about eight feet of the highway available for passing the car. Mrs. Dove, who was driving, started the horse forward in an attempt to pass the car, but when they got directly opposite the car the horse "shied" and the heavily laden buggy was overturned into a ditch or depression north of

the car, and all of the party were more or less hurt, the girl so seriously that she died the day following.

It appears from the evidence that the box car in question had been shunted or "kicked" back upon this crossing, not to exceed five minutes before the accident, by a freight engine which was then engaged in switching in the yards and setting out cars.

The declaration contained but one count, and the negligence charged is, the leaving this box car in such a position upon the highway as to frighten horses of ordinary gentleness, and whereby the horse drawing the buggy in which deceased was riding, became and was frightened, and shied away therefrom, overturning the carriage and producing the injury which caused her death. The declaration contains no charge of any negligence on the part of appellant as to the construction of the crossing, or the approaches thereto. The question is thus presented, whether the fact alone, of leaving a box car in such a position as to partially obstruct a public highway crossing for a period of five minutes, by a freight engine thus engaged in switching in the yards, taking in and setting out cars, is such an act, in and of itself, as to constitute negligence and render the railroad company liable for injuries sustained by one who undertakes to pass by it, and in doing so gets hurt by reason of his horse becoming frightened at the car.

It is to be observed that there is nothing in the evidence to show that there was anything unusual in the appearance of the car, and as it was standing still it could have no greater tendency to produce a mental disturbance in a horse than any other object of like dimensions. Harrigan v. C. &. I. R. R. Co., 53 Ill. App. 344.

There is nothing in the sight of an ordinary box car standing still, which is more likely to cause fright in an ordinarily gentle horse, than in a dozen other things of common and general use on our streets, and in public places every day. A street car, a steam threshing machine, or a fire engine, might frighten some horses even when standing still, and yet they are not regarded as nuisances *per se*, nor

dangerous to have in common use, if handled with due care.

The particular act complained of as negligence, was the fact of leaving at and upon the highway crossing a vehicle or article, which would naturally frighten horses of ordinary gentleness. In fact the right of action was based upon the assumption that the car there standing was a thing which would naturally scare usually gentle horses. We are not prepared to yield our assent to such a proposition. In the business of the present day, the transportation of goods and passengers by railroad, is just as essential and necessary as the transportation of persons in vehicles drawn by horses, and the courts must recognize the necessity for the use of locomotives and cars, and the switching at stations, having due regard, of course, to the rights of the public in the use of the highways intersected by railroads. We hold therefore that the mere fact, standing alone, that appellant placed this box car upon the track, even though it partially obstructed the highway, was not actionable negligence unless permitted to remain there for an unreasonable length of time, and not even then upon the ground that it was an object naturally calculated to frighten ordinarily gentle horses.

In this case however the proofs show, the car had not, at the time of the accident, obstructed the crossing for an unreasonable length of time. As we have seen, it had not been there to exceed five minutes.

The statute upon this subject, which was in force at the time of the accident, provides as follows: "No railroad company shall obstruct any public highway by stopping any train upon or by leaving any car or locomotive standing on its tracks where the same intersects or crosses such public highway, except for the purpose of receiving or discharging passengers or freight, or for taking in or setting out cars, or to receive necessary fuel or water and in no case to exceed ten minutes for each train, car or locomotive engine." Hurd's Stat., 1895, p. 1202, Sec. 14.

The legislature recognize the necessity of obstructing

highway crossings in the business of operating railroads, and it has seen fit to allow such obstructions for a period of ten minutes, in the necessary handling of trains, and the taking in and setting out cars. In view of this statute, and of the fact that the car in question had just been set out by an engine then engaged in setting out and taking in cars, it must be held that the highway crossing had not been obstructed for an unreasonable length of time. It is argued by counsel for appellee, that because there was room on either side of the crossing for the car to stand, it was therefore negligence to permit it to obstruct the crossing. We think it would be unreasonable to so hold. In the switching of cars, they are frequently " kicked " or shunted upon a side track, and go only so far as their momentum will propel them, and where the intention is, as it was in this case, to go back for the car shortly after, and not leave it there for an indefinite time, it is not negligence unless the car obstructs the crossing beyond the time allowed by the statute.

On a careful consideration of the whole case, we are constrained to hold that the charge of negligence against appellant has not been established. Unfortunate as was the accident, we think appellant is not to blame for it. The horse which Mrs. Dove was driving was young and just taken out of the pasture. We think the evidence shows she was warned against trying to drive it near the cars. Nevertheless, although she could see the obstruction and the difficulty in passing the car, and the question as to whether they could go by the car or not was a subject of discussion by the persons in the buggy, she undertook the risk, with the consequence that the horse became frightened, overturned the carriage in which they were riding and caused the injury. Had they waited a very few minutes the car would have been removed and they could have passed in safety. By the reasonable use of her eyesight, we think Mrs. Dove could have seen the engine switching in the yard, and she should have waited a reasonable time at least to see whether the obstruction would be removed before attempting to cross.

But, holding as we do, that the charge of negligence against appellant is not made out it is unnecessary to discuss the question as to the alleged contributory negligence of Mrs. Dove, in whose care the intestate was riding at the time of the accident, nor any of the other questions raised. in the argument.

We are of the opinion there was no cause of action against appellant, and the motion to direct a verdict in its favor should have been sustained.

The judgment will be reversed, but as in our view of the case there can be no recovery, it will not be remanded.

Finding of fact to be made a part of the judgment:

We find as a question of fact that the deceased did not come to her death by reason of any fault, carelessness or negligence on the part of appellant.