## EUGENE BARNEY *vs.* CITY OF LOWELL.

A city is not liable for an injury caused by negligence of a teamster employed in transporting stone to repair a highway by the superintendent of streets who is charged by a by-law passed under authority of the city charter with the duty of keeping the streets in repair and making contracts for the supply of ordinary labor and materials therefor.

TORT for the crushing of the plaintiff's foot by the wheel of a cart belonging to the defendants and managed by a teamster employed by them.

At the trial before *Gray*, J., there was evidence that the plaintiff, a child sixteen months old, was lying upon his breast on the sidewalk of a public street in Lowell in front of his parents' house, when, for want of due care and guidance by the teamster, a cart drawn by two horses was turned by them from the carriageway so far that one of the wheels ran into the gutter and crushed the plaintiff's foot which was projecting over the curbstone; that the street was thirty or forty feet wide at the place of the accident; and that at the time of the accident the teamster was walking at a considerable distance behind the cart, talking with another man.

It also appeared that the superintendent of streets of the city " had actual charge of repairing the streets, of crushing stone for that purpose, and of hiring, discharging and directing the work of the men employed in that department, of whom this teamster was one, and made out the pay-roll of their wages which was paid by the city;" and that the cart was loaded with stone, which was being transported from the stone-crushers, under the direction of the superintendent of streets, to macadamize a street in the city, which he was repairing " under the direction of the committee on streets of the board of aldermen." The

ordinances of the city relating to the duties and powers of the superintendent of streets were also introduced in evidence, and are referred to in the opinion.

There was evidence on the question whether there was due care or. the part of the plaintiff and his mother and aunt, in respect to the place and position in which he was at the time of the accident, which is now immaterial.

The defendants contended that the city was not liable for the negligence of the teamster; and the judge reported the case for determination by the full court, the parties agreeing that if the city was so liable the case should stand for trial; otherwise judgment should be entered for the defendants.

*T. H. Sweetser & R. B. Caverly*, for the plaintiff.

*D. S. Richardson & G. Stevens*, for the defendants.

FOSTER, J. This court has already decided that a municipal corporation·is not liable in damages for an injury sustained by the carelessness of a laborer employed by a highway surveyor in repairing a highway. In the case adjudged, the laborer carelessly drove a horse and cart so that they came into collision with the plaintiff. *Walcott* v. *Swampscott*, 1 Allen, 101. In the case at bar, the negligence imputed to the driver consisted in walking too far behind his horses and leaving them without due care and guidance while he was engaged in conversation.

The principle established by the authorities is, that the duty of keeping public ways in repair is one imposed upon all towns and cities alike, as a public duty from the performance of which they derive no special advantage in their corporate capacity; and that the agents selected to execute this duty in obedience to the law of the Commonwealth are to be regarded as public officers rather than as the servants or agents of the municipal corporation by which they are employed. The relation of master and servant does not exist, and the maxim *respondeat superior* does not apply. *White* v. *Phillipston*, 10 Met. 108. *Bigelow* v. *Randolph*, 14 Gray, 543. *Hafford* v. *New Bedford*, 16 Gray, . *Child* v. *Boston*, 4 Allen, 52. In our opinion the superin tendent of streets in the city of Lowell occupies the same position, in this respect, as an ordinary highway surveyor or a party

in the employment of such a surveyor. By the charter of Lowell, the city council may provide for the appointment or election of all officers necessary for the good government of the city not otherwise provided for, prescribe their duties and fix their compensation, and cause any street or streets, public places or squares, in the city, to be graded, paved, macadamized or repaired. St. 1836, *c.* 128, § 9. By the city ordinances, *c.* 20, § 1,.the superintendent of streets and three highway surveyors are chosen annually by concurrent vote of both branches of the city council. The superintendent's duties are fully defined in *c.* 11, § 2. He is to keep the streets in a safe condition for travel, attend to the repairs of the same, and make all contracts for the supply of ordinary labor and materials therefor, under the direction of the highway surveyors or joint committee on streets. These provisions constitute a system for the performance of the municipal duties as to highways which the general laws devolve upon this city in common with all other cities and towns in the Commonwealth. No distinction has been suggested at the bar, and we can discover none that is substantial, between this case and those heretofore determined. On the report there must be  *Judgment for the defendants*