## EDGAR STOWE *vs.* GEORGE W. MILES AND ANOTHER.

The act of June 17, 1870, (Acts 1870, p. 379,) which provides for proceedings by petition to the Superior Court for the abatement of nuisances to the public and to individuals, from the manufacture of fish oil and manures, was not intended to authorize such proceedings on the part of persons not aggrieved.

Where, therefore, a petition averred that the manufacture carried on by the respondents was a nuisance to the public and to the inhabitants of the neighborhood, but failed to aver that the petitioner was himself aggrieved, it was held to be insufficient.

Where in such a case there had been a report of a committee, which had been accepted, and a motion was made by the respondents to dismiss the case, it was held that the petitioner ought to have an opportunity to amend if he desired, with a further hearing upon the petition as amended.

Whether the manufacture in such cases is a nuisance or not, is purely a question of fact.

PETITION for the abatement of a nuisance, under the act of June 17, 1870, which provides that any person or number of persons claiming to be aggrieved by the carrying on of the manufacture of fish oil, phosphates, etc., in such a manner as to constitute a nuisance to the public or to individuals, may bring their petition to the Superior Court praying for the abatement of the nuisance. The suit was brought to the Superior Court in New Haven County, and the facts were reported by a committee to whom the case was referred. After the report had been made and accepted, the respondents moved that the case be dismissed, and the question arising on

the motion was reserved for the advice of this court. The point involved in the motion is fully stated in the opinion.

*H. B. Harrison* and *H. C. Platt*, in support of the motion.

*W. B. Stoddard*, contra.

CARPENTER, J. The manner in which this case comes before us is not entirely free from objection ; but waiving the irregularity we will consider and dispose of the question discussed.

Upon the acceptance of the report of the committee the defendants filed a written motion that the case be dismissed. At that stage of the case it is reserved for our advice. We are not asked to advise as to the substance or form of the decree, but the argument related solely to the question whether the motion to dismiss ought to be granted ; and that depends upon the question whether, upon the facts stated, the defendants are clearly entitled to a judgment in their favor. If they are the motion should be granted. But if we can see that the plaintiff may be entitled to relief, although not upon the bill as it now stands, nor upon the facts as they now appear, we think the bill ought not to be dismissed absolutely, but that he should have an opportunity to amend his bill if he desires, and then to have the question of fact, whether or not there is a nuisance, determined one way or the other by the court below.

The statute gives a right of action to " any person or number of persons claiming to be aggrieved," whenever certain kinds of business therein enumerated (of which that carried on by the defendants is one) are so carried on as to constitute a nuisance to the public or to individuals. The petition alleges a nuisance to the public ; but does not expressly allege a nuisance to individuals, and there is no allegation that the plaintiff himself is aggrieved thereby. We do not suppose that the legislature intended that any person not aggrieved *in fact* could maintain a petition under the statute. We therefore interpret the statute as authorizing a suit only in the name of a party aggrieved. That being so

the petition must show on its face that the business complained of is a nuisance to the public, or to individuals, and, also, that the party complaining is aggrieved thereby. This petition does not contain the latter allegation, and is, therefore, insufficient. But, as it is competent for the plaintiff to amend, we ought not to advise that the bill be dismissed on that ground.

It is further said that it is not found that the defendants' works constitute a nuisance, either to the public or to individuals. It is true the committee has not found directly that a nuisance exists. He has reported certain facts which tend to prove a nuisance, but the ultimate fact is not found. Whether a nuisance or not is a question of fact purely, depending upon the nature and character of the offensive odors, the constancy or frequency of the annoyance, and the extent of the inconvenience thereby occasioned. The question of nuisance as here presented is not a mixed question of law and fact; nor is it an inference of law from certain facts stated; but it is simply this, whether the defendants' business "worketh hurt, inconvenience or damage." This court cannot with propriety determine such questions.

As the plaintiff may be entitled to a decree upon an amended bill, we advise the Superior Court to deny the defendants' motion, and give an opportunity for further proceedings if desired.

In this opinion the other judges concurred.