JOHN F. JENNE, PLAINTIFF IN ERROR, v. LYMAN W. SUTTON, DEFENDANT IN ERROR.

All persons who are concerned, directly or indirectly, in the firing off of fire-works in a public street are responsible for the injuries done to an innocent person.

On error to the Supreme Court.

For the plaintiff, *J. B. Vredenburgh.*

For the defendant, *S. B. Ransom.*

The opinion of the court was delivered by

BEASLEY, C. J.   This action was brought to recover damages for hurts received by the plaintiff by the bursting of a bomb fired in one of the public streets of Jersey City.   As the use of a public highway as a place in which to fire such an explosive was illegal, and *per se* constituted a public nuisance, there can be no question with respect to the legal liability of all persons concerned in the doing of such act, or who caused or procured it to be done, for all the damages proximately resulting.   The only debatable question, therefore, seems to be whether the evidence sufficiently connected the plaintiff in error, John F. Jenne, with this illegal transaction.   When the case was rested at the trial by the plaintiff, an exception was taken to the refusal of the trial judge to nonsuit; and it is in this respect that the injury just alluded to arises.   Was there any evidence on this head on which the jury could legally found a verdict against this defendant?

My examination of the case has led me to conclude that there was evidence of this character, to this measure: such testimony was not entirely demonstrative, but it seems to have made up a *prima facie* case.   The fire-works in question were intended to signalize the meeting of a political club, known and incorporated under the name of the Pavonia Club.

VOL. XIV.                    R

The place of such meeting was in a building denominated the Catholic Institute, where it was customary to hold political meetings, and in the public street in front of which building it was likewise customary to exhibit fire-works.  Mr. Jenne, the plaintiff in error, was the president of this club.  The meeting on the night in question was advertised in the name of the Pavonia Club, but the expenses of the fire-works were raised by private subscription.  The person who fired the fire-works in the street was an employee of the vendor of the fire-works, and being a witness, stated that one "Samuel McGee came and ordered the exhibition of the fire-works for John F. Jenne for the Pavonia Club; I was at the Catholic Institute that evening, firing off the fire-works at the request of John F. Jenne; I did not see Mr. Jenne when I received the order; I went and fired off the fire-works on the strength of the order I received from Mr. McGee."  Speaking of the fire-works, he said: "John F. Jenne paid for these; he paid $12; my services were included in that bill."  He further said: "I went because it was asked that a competent man be sent."

Now, in my judgment, here was an amount of evidence which, unexplained, would justify the finding that this defendant so participated in this affair as to make him answerable for the consequences.  Mr. McGee's statements were not objected to, and such statements, in connection with the fact that the defendant paid the bill for the fire-works so ordered, and for the services of the man who exploded them, had a strong tendency to implicate the defendant, and to show not only that he ordered the goods, but that he procured them to be used at the place in question.  It is not an unreasonable presumption that he intended that these explosives should be set off in the public street, which was the usual place on the occasions of the meeting of that club.  Such an act and purpose would make him responsible to the plaintiff; for it can signify nothing, under such circumstances, that he was acting in his official capacity as the president of this corporation; for all the participants in the creation of a public nuisance are liable to answer for its ill effects, without regard to the fact

that they, in such affair, were but the agents of other persons. There was a *prima facie* case made.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, MAGIE, PARKER, SCUDDER, VAN SYCKEL, COLE, DODD, GREEN, LATHROP.   11.

*For reversal*—DIXON.   1.