MATTHEW COLWELL *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In repairing its streets a city is engaged in the performance of a public, governmental duty, and is not liable (unless made so by statute) to an employee who is injured by the use of defective machinery, or through the negligence of city officials superintending such repairs.

The plaintiff, while working on the defendant's stone-crusher, which was preparing stone to be used in macadamizing its streets, was seriously injured through a defect in the crusher. *Held* that the defendant was not liable; and that it was immaterial that the stone were crushed at a distance from the place where they were to be used.

Argued January 28th—decided March 5th, 1902.

ACTION by an employee to recover damages for the loss of an eye claimed to have been caused by the negligence of the defendant in using a defective stone-crusher, brought to the Superior Court in New Haven County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff for $1,500, and appeal by the defendant for alleged errors in the charge of the court. *Error and new trial granted.*

The complaint alleged that defendant was the owner of a stone-crusher used to crush stone for macadamizing the streets of the city of Waterbury, and that defendant also sold stone, crushed by such crusher, at a profit; that on the 12th of July, 1894, plaintiff was in the employ of the defendant, feeding stone into said crusher, when, by reason of a broken tooth in said crusher and of the want of a proper covering for the crusher, which defects were known to the defendant's superintendent and foreman in charge of said machine—the latter of whom had promised the plaintiff that new teeth and a proper covering would be furnished for said machine so as to make it safe—the plaintiff was injured by a stone thrown by said machine while he was feeding the same, which struck him in the right eye and wholly destroyed the sight thereof.

The defendant alleged in its second defense that at the time of the accident it was engaged in the performance of a public duty imposed upon it by statute, in repairing certain highways within its limits, by macadamizing them, which work was being done in accordance with the provisions of its charter, and under the superintendence of the street inspector; that said inspector had employed a foreman to take charge of the stone-crusher and the crushing of the stone, and that such foreman, with authority from said inspector, had employed the plaintiff, who, at the time of the accident, was actually employed at such work in the town of Cheshire.

The court having overruled the plaintiff's demurrer to this answer, these allegations were denied by the plaintiff's reply.

Upon the trial it appeared that the stone-crusher, by reason of a defect in which the plaintiff was injured, was owned by the defendant, and, at the time of the accident, was being used by the defendant, in the town of Cheshire, ten miles from Waterbury, in crushing stone to be transported by rail to Waterbury and by teams to a street which was being macadamized, and there used in macadamizing said street. The plaintiff, it appeared, was employed by the defendant's street inspector, called superintendent of streets, who had the general superintendence of this work and the care and maintenance of streets, and was put to work on the stone-crusher by the foreman, who, subject to the superintendent, had charge of the work of stone-crushing at Cheshire. At the time he was injured he was employed in the work of crushing stone which the defendant intended to use and did use in the macadamizing of one of its streets.

There seems to have been no evidence that the defendant, prior to the accident, ever sold the stone crushed by said machine, or used it for any other purpose than in macadamizing its streets.

The defendant requested the court to charge, in substance, that the city of Waterbury could not be held liable for any negligence on the part of its officers or servants who were in charge of the work of crushing the stone for the purpose of repairing its streets, because in doing said work the defendant was performing a public governmental duty imposed upon it by the State.

The court charged the jury, in part, that the care and maintenance of its streets by the defendant was a governmental duty, and that if the preparation of the stone used in the repair of the street was work done in the performance of such governmental duty, there could be no recovery; that "the crushing of stone intended to be used and subsequently used in macadamizing a street ten miles away was not work done in the care and maintenance of the street. Such work is confined to the work done on the street itself, or in bringing to the street the necessary materials and instrumentalities used in the work; it has no relation to the manufacture of

material, or instrumentality, or the use of machinery for that manufacture."

It is provided by an Act of the legislature (made a public act) that the city of Waterbury shall be a highway district; that its court of common council shall have the sole and exclusive authority and control over all streets within the limits of the city, and the sole and exclusive power to lay out and make new streets, and to alter and repair streets, and the like power to order the paving, macadamizing, or other improvement of any street or highway within the city; and that said court of common council, upon the execution of any order for the paving, macadamizing or other improvement of such street, may assess a reasonable part of the expense thereof upon the persons whose property is specially benefited thereby. The Act further provides for the appointment, by the board of aldermen and the court of common council, of a board of street commissioners, who are to have the general superintendence and control over the streets, cause the same to be kept in good condition and repair, execute all orders of said court in reference to the streets, and who are empowered to employ, in the name and behalf of the city, a street inspector, a street surveyor, and such other persons as may be necessary for the performance of the duties imposed upon said board. 7 Special Laws, pp. 217–219.

*Lucien F. Burpee* and *John P. Kellogg*, for the appellant (defendant).

*John O'Neill* and *George H. Cowell*, for the appellee (plaintiff).

HALL, J. The injury to the plaintiff was caused by operating a defective stone-crusher upon which he was at work. The alleged ground of liability is the negligence of the city, or that of its street inspector, in placing the plaintiff, as an employee of the city, at work upon such defective machine.

If the city or its street inspector, in operating the stone-crusher, was engaged in the performance of a public govern-

mental duty, the defendant, in the absence of any statute making it liable, is not responsible in damages to the plaintiff for the injury caused by such act of negligence, either upon the theory that the city failed to perform its duty toward an employee, viz., to provide him a reasonably safe place in which to work or reasonably safe instrumentalities with which to work, or upon the theory that the plaintiff, if not a servant of the city, was injured by the carelessness of the defendant's agent while the latter was performing the defendant's work.

If the city was negligent in furnishing its workmen with defective machinery with which to perform a public service, it is exempt from liability for such negligence, for the reason that in all that either the city or the plaintiff did in the performance of such public duty they acted as governmental agencies, and not in the exercise of any privilege or power for the immediate benefit of the municipality; and because, while so acting, although the city paid the plaintiff for his services, the relation between them was not the ordinary one of master and servant which exists between a city and its employees in the performance of strictly municipal duties. *Jones* v. *New Haven*, 34 Conn. 1, 13; *Jewett* v. *New Haven*, 38 id. 368; *Daly* v. *New Haven*, 69 id. 644, 649; *Bartram* v. *Sharon*, 71 id. 686, 692.

On the other hand, if the street inspector, as an officer or agent of the city, and as the one having, by authority of the board of street commissioners and in discharge of the duties imposed upon them by the city charter, the entire care and maintenance of the streets, was guilty of negligence in the performance of a public duty, in using a defective stone-crusher or in failing to provide a proper covering for it while it was in operation, the city of Waterbury is not liable for the consequences of his negligence, since the street inspector was so far a public agent that as to such acts of negligence the rule *respondeat superior* does not apply to the defendant. *Judge* v. *Meriden*, 38 Conn. 90, 97; *Daly* v. *New Haven*, 69 id. 644, 650.

We have had occasion to state heretofore that the rule which thus exempts municipalities from liability, when they

or their servants are acting in the discharge of a public duty, does not relieve them from responsibility for the negligent acts of their workmen which are not incident to and do not flow from the performance of the public work in which they are engaged, and in doing which acts such workmen are therefore not properly acting as agents of the law; nor from liability for the consequences of the particular acts which the municipality has directed to be performed, and which, from their character or the manner in which they are so ordered to be executed, will naturally work a direct injury to the property of others, or create a nuisance, or occasion a wanton injury to the property or rights of other persons. *Judd* v. *Hartford*, 72 Conn. 350; *Norwalk Gas Light Co.* v. *Norwalk*, 63 id. 495; *Mootry* v. *Danbury*, 45 id. 550, 556; *Weed* v. *Greenwich*, ibid. 170, 183; *Danbury & N. R. Co.* v. *Norwalk*, 37 id. 109, 119.

The trial court, while recognizing the rule of municipal immunity above stated, in effect instructed the jury that when the plaintiff was injured the defendant was not engaged in the performance of a governmental duty. That part of its charge was incorrect.

In doing the work of constructing and repairing its highways the city was clearly performing a governmental act. *Jones* v. *New Haven*, 34 Conn. 1. The acceptance by the city of a charter authorizing it to discharge such governmental duty, neither created a contract between it and the State that such duty should be performed, nor rendered the discharge of such duty the exercise of a special privilege for the non-performance or negligent performance of which the city would become liable. *Hewison* v. *New Haven*, 37 Conn. 475, 482; *Hill* v. *Boston*, 122 Mass. 344. Macadamizing its streets was one of the ways by which the city might perform its duty of maintaining and repairing its highways (*New Haven* v. *Whitney*, 36 Conn. 373, 376), and it was for the city to decide whether that was the best way of discharging that duty. *Hoyt* v. *Danbury*, 69 Conn. 341, 352; *Healey* v. *New Haven*, 47 id. 305, 314. It was within the taxing power of the legislature to provide that a reasonable part of the expense of

such repairs should be borne by those whose property was especially benefited thereby (*New London* v. *Miller*, 60 Conn. 112, 116), and the fact that a part of such expense might be so paid did not make the duty of repairing the streets any the less a governmental one than if the entire expense were to be paid by a general city tax.

The work of breaking, by means of a stone-crusher, the stone to be used in macadamizing the street, was a part of the work of macadamizing such street. It was necessary that the stone used in macadamizing should be broken into small pieces. If laborers had been employed to break the stones with hammers, upon the street to be macadamized, it would hardly be said they were not performing a part of the work of macadamizing the street. But to become part of the work of macadamizing, it is not necessary that the labor should be performed upon the street to be repaired. Part of the work of macadamizing is necessarily performed elsewhere, as the carrying of the materials to the street. If the city could do the work of breaking the stone more economically and successfully at the quarry than upon the street, and by the use of a machine than by breaking them by hand, it had the right to do the work at Cheshire by means of a stone-crusher, and the fact that it did so did not change the character of the work or of the duty which it was performing. Whether or not the stone-crusher, either before or after the accident, had been used by the city for other purposes than in macadamizing its streets, was not decisive of the case. It was a question for the jury whether at the time of the accident either the city, or its street inspector, or its other agents in charge of the work, were in fact engaged in operating the stone-crusher for the purpose of macadamizing a city street, as claimed by the defendant. It seems to have been shown at the trial that when the plaintiff was injured the stone-crusher was being operated to crush stone to be used, and which in fact were used, in macadamizing a certain street. For an injury sustained by the plaintiff under such circumstances the city has the same immunity from liability as from one suffered by its employee in operating a defective street-

roller or fire engine.   Municipal corporations are not liable unless made so by statute for injuries occasioned by negligence in using or failing to keep in repair the fire engines owned by them.   Dillon on Mun. Corp. (4th Ed.) p. 976, note 1 ; *Jewett* v. *New Haven,* 38 Conn. 368, 381.

A very similar case in many of its aspects to the one at bar is that of *Barney* v. *Lowell,* 98 Mass. 570, cited in *Jewett* v. *New Haven,* in which it was held that the city was not liable for an injury caused by the negligence of a teamster, engaged in carting stone from a stone-crusher to repair a highway, and employed in that work by the superintendent of streets who had charge of the repairing of the streets and the crushing of the stone for that purpose.

In the case of *Hughes* v. *County of Monroe,* 147 N. Y. 49, it was held that the county was not liable for an injury sustained by one of its employees in operating a steam mangle in a laundry, which the servants of the defendant had failed to keep in proper repair ; and in *Wild* v. *Paterson,* 47 N. J. L. 406, that the defendant was not liable for an injury to a member of the fire department caused by a defective brake on the steam fire engine which he was assisting in taking to a fire.   In the latter case it was held that, since such employees of the corporation were mere instruments in the execution of its public duties, the fact that the plaintiff was a paid employee of the city would not create between them the ordinary relation of master and servant so as to render the city liable for its failure to keep the engine in good repair.

For the reasons given we think the trial court erred in not charging the jury substantially as requested by the defendant, and in charging that the crushing of stone, intended to be used and subsequently used in macadamizing a street, was not work done in the care and maintenance of the street.

The allegations in the complaint, of a promise by the defendant's foreman to furnish new teeth and a proper covering for the stone-crusher, were, as stated in plaintiff's brief, not intended as a statement of liability upon a contract, but of

facts affecting the question of contributory negligence. As bearing upon that question the court properly charged the jury, that information of such promises, if given to the inspector of streets, was sufficient information to the city.

There is error and a new trial is granted.

In this opinion the other judges concurred, except HAMERS-LEY, J., who dissented.