## LEWIS B. JUDSON vs. THE BOROUGH OF WINSTED.

First Judicial District, Hartford, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The plaintiff sought to recover damages for an injury to his horse and carriage, alleged to have been caused by the negligence of a servant of the defendant while flushing a borough hydrant. *Held:—*

1. That if the hydrant was being flushed out solely to determine whether it was in a suitable condition for use in extinguishing fires, as alleged by the defendant, the servant while so employed was engaged in the performance of a public, governmental duty, for negligence in the discharge of which the borough would not be liable; but that if the flushing had for its purpose, either in whole or in part, the improvement of the water-supply for the use of the public, to whom the water was sold pursuant to a special privilege conferred upon the borough, as claimed by the plaintiff, the defendant could not escape liability for the negligence of its servant.

2. That under these circumstances it was incumbent upon the trial court to give such instructions to the jury as would be adequate to the situation; and that a charge which proceeded upon the theory that the flushing was necessarily an incident in the care and management of the defendant's water-supply service, and excluded its consideration as an incident of the fire-department service, was erroneous and harmful to the defendant.

Argued January 7th—decided March 3d, 1908.

ACTION to recover damages for an injury to the plaintiff's horse and carriage, alleged to have been caused by the negligence of the defendant's servant, brought to the Court of Common Pleas in Litchfield County and tried to the jury before *Welch, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

*Walter Holcomb* and *William H. Blodgett*, for the appellant (defendant).

*Wilbur G. Manchester*, for the appellee (plaintiff).

PRENTICE, J. Upon the trial it was in effect conceded that the plaintiff's horse, while being driven by the plaintiff along one of the public streets of the defendant borough, ran away and injured himself and also the buggy and harness, to the plaintiff's pecuniary damage, in consequence of becoming frightened by a stream of water which was being discharged from one of the borough hydrants under the immediate direction and control of one Griswold, who was employed on behalf of the borough by one Andrews, the superintendent of the borough water-works, and was engaged at the time in the duty, assigned to him by Andrews, of flushing out the borough hydrants. '

The defenses which were interposed involved two propositions : the first, embodied in the first defense of the answer, that Griswold was not guilty of negligence in the premises, and the second, set up in the second defense, that any negligence on his part in the performance of the act in which he was engaged could not render the defendant liable, since it was done in the performance of a duty cast upon the borough as a governmental agent.

The jury found that Griswold's conduct was negligent, and no complaint is made of the court's instructions upon that branch of the case.

With respect to the second branch of the case, the defendant presented a series of requests to charge. These were not framed with precision, but they plainly indicated the defendant's purpose to rely upon the defense of governmental agency, set up in its answer, as the prominent, if not the chief, feature of its case. The principle thus invoked is a familiar one, and the law involved has become well settled in this jurisdiction. As applicable to the present situation the law is, that if in respect to the act in which Griswold was engaged the defendant was, through

him as its agent or servant, in the exercise of governmental powers vested in it as the agent of the State in the administration of government, it would not be accountable to third persons for the manner in which the granted powers were being exercised, or for Griswold's conduct in the premises. If, on the other hand, it was, in respect to Griswold's then employment, engaged in the exercise, through him, of powers granted to it as a " special " privilege for the benefit or advantage, either wholly or in part, of the borough itself or of its inhabitants, it would be subject to the full application of the rule of *respondeat superior. Hourigan* v. *Norwich,* 77 Conn. 358, 364, 59 Atl. 487 ; *Colwell* v. *Waterbury,* 74 Conn. 568, 572, 51 Atl. 530 ; *Judd* v. *Hartford,* 72 Conn. 350, 354, 44 Atl. 510 ; *Jones* v. *New Haven,* 34 Conn. 1, 13.

In the case first above cited, we held that a city which was authorized, but not required, to acquire and use land and water rights, and other property, for the purpose of storing, distributing and selling water to its inhabitants for a reward, was not, while in the exercise of this power, discharging a public, governmental duty, but exercising a special privilege for its own benefit and advantage and the benefit and advantage of its inhabitants, notwithstanding that a portion of the water thus stored might be used by it for protection against fire or in promoting the public health. The situation thus defined was precisely that of the defendant as respects its water system and supply.

In *Jewett* v. *New Haven,* 38 Conn. 368, we held that a municipal corporation which is empowered by its charter to provide for the preservation of the city from damage and exposure to danger from fire, and to establish and regulate a fire department, is, while in the exercise of that power, performing a public, governmental duty, and, therefore, exempt from the application of the rule of *respondeat superior.* The defendant, as respects its fire service, comes within the application of this principle. 12 Special Laws, p. 763, § 23.

The finding states that the defendant offered evidence

Judson *v.* Winsted.

to prove, and claimed to have proved, that the hydrant in question had been installed for use in extinguishing fires, that no revenue had ever been derived from the use of the water which passed through it, that the duty of keeping it, as also all the other hydrants in the borough, in proper condition for the use of the fire department, had, for a number of years, been entrusted to Andrews, who performed that duty in connection with his duties as superintendent of the water-works, and that the flushing of the hydrant in which Griswold was engaged at the time of the accident was solely for the purpose of ascertaining if it was in repair in case of fire, and not as an aid in the sale of water. This statement suggests that the evidence introduced by the defendant, if accepted as true, may have fallen short of showing such an entire dissociation of the work in which Griswold was engaged from the water-service and such a complete association of that work with the fire-service, as a distinct and independent department of the activities of the borough, as would necessarily or naturally satisfy a reasonable trier that the defendant had made out a case for the application of the principle of governmental agency. But the court evidently understood, and intended that this court should understand, that the defendant offered such evidence in support of its defense as to justify its submission to the jury upon the issue of fact presented by the pleadings, and it was so submitted.

In this situation it was incumbent upon the court to give such instructions as would be adequate for the jury's guidance in reaching a proper conclusion upon the question of fact presented, and thereupon rendering the appropriate verdict. This it did not do. The doctrine to which the defendant appealed was not stated, and the issue involved not recognized. There was indeed at one point an intimation that the law recognizes conditions under which the defendant might enjoy some kind of immunity from the strict application of the principle of *respondeat superior.* What that immunity was, however, and the conditions under which it would be enjoyed, were not stated. On the

contrary, the instructions appear to have been framed upon the assumption that the work in which Griswold was engaged was necessarily an incident, in part at least, of the defendant's water-service, and the jury were in effect so told. That aspect of the case alone was dwelt upon, so that the conclusion which the jury must have drawn from the charge was that the only issue in the case was that as to the negligence of Griswold. It would appear that the court was under the impression, either that the fact that the hydrant was an appliance connected with the water-system, as hydrants are, necessarily made it and all use and manipulation of it, or of the water which might flow through it, an adjunct, at least in part, of the water-supply service, and prevented its being considered in any proper sense an incident of a fire-service alone, or that the general employment of Andrews as superintendent of the water-works, when taken in connection with the flushing of the hydrants under his direction, was so conclusive of the fact that the work delegated to Griswold was not solely in the sphere of fire-service, that any other contingency might be ignored. It is not necessarily so, however, that fire-hydrants may not be so installed and used that they would be instrumentalities of a fire department exclusively. It is not necessarily so that a present use or manipulation of a hydrant installed for a mixed purpose might not be such as to justify its inclusion in fire-service pure and simple. Neither is it impossible that Andrews, holding the position of superintendent of the water-works, should have entrusted to him, by the borough, powers and duties entirely independent of the water-service. The defendant here undertook the perhaps not easy task of establishing some such conditions with respect to this hydrant or its present use as would stamp the flushing of it by Griswold, under Andrews' directions, as an act related to the fire-department service of the borough and to that alone, and it was for the jury, under proper instructions, to decide whether or not it had succeeded in presenting satisfactory proof of the necessary facts.

Other objections to the charge, made in the reasons of appeal, need not be considered.

There is error and a new trial is ordered.

In this opinion the other judges concurred.