MAURICE O'DONNELL, JR., *vs.* BOROUGH OF GROTON.

Second Judicial District, Norwich, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 16th, 1928—decided January 18th, 1929.

*Arthur T. Keefe,* for the appellant (plaintiff).

*Harry C. Brogan* and *Morris Lubchansky,* for the appellee (defendant).

MALTBIE, J. The plaintiff is seeking to recover damages from the defendant because of injuries suffered from the explosion of a tank in which compressed air was to be stored for use in blowing a whistle as a fire alarm signal. The tank consisted of an old steam boiler, which was being made over into a receptacle under the direction of the general superintendent of the water and electrical department of the defendant, and the plaintiff was employed by him to weld to the ends of the boiler circular steel plates to seal them against the escape of the air. The plaintiff had completed the welding and, while he was still in the room, air under pressure was allowed to enter the tank for the purpose of testing it, through a two inch pipe from a smaller tank on the floor above where it was maintained at an average pressure of one hundred and fifty pounds to the square inch. The plaintiff claimed to have proven that, while it was intended to convert the boiler into a tank for the purpose of storing air with which to operate the fire alarm whistle, it had never in fact been installed or used as a part of the fire alarm system and was not so being used at the time of the explosion. He claimed on the trial that the explosion was due to the fact that the employees of the defendant permitted air to enter the tank at a greater pressure than it would resist, that they had weakened the tank by removing the tubes and stay rods which had been in it, that they failed to warn him of the dangers of the test as made, that water instead of compressed air should have been used in making the test, and that the air was allowed to enter the tank through channels not supplied with a gauge or safety valve. The defendant contended that the tank had become a part of its fire alarm system and that its employees in making the test were engaged upon work of a governmental nature and hence

that it was immune from liability for their negligence.

The defendant filed a general denial to the complaint. Later, by permission of the court, it filed a special defense setting up that the explosion of the tank was due to the negligent manner in which the plaintiff did the welding. The granting of permission to file this special defense was within the legal discretion of the trial court and the record discloses no ground for considering that it abused that discretion. *Lawton* v. *Herrick,* 83 Conn. 417, 420, 76 Atl. 986. The plaintiff now contends that, in the state of the pleadings, the defendant was precluded from claiming governmental immunity. The only negligence upon which the plaintiff could rely for a recovery was necessarily based upon its acts or omissions in its private or corporate capacity, so that the complaint necessarily presupposed such a condition to exist. The denial of the allegations of the complaint could properly be considered as a denial of any actionable negligence. The record shows clearly that the issue of governmental immunity was fully litigated on the trial and the objection now made was not brought to the attention of the court. A judgment finding the defendant not liable on this ground would not be so outside the scope of the pleadings that it could not find proper support in them and after a full trial without objection the plaintiff cannot now claim that the issue was not properly determined. *Wilcox* v. *Rochester,* 190 N. Y. 137, 146, 82 N. E. 1119; *Swist* v. *Swist,* 107 Conn. 484, 488, 140 Atl. 820; *DeSanto* v. *DeNicola,* 99 Conn. 717, 122 Atl. 708.

The trial court explicitly charged the jury that if the tank was being installed as a part of the fire prevention system of the defendant, for the purpose of furnishing air with which to operate the whistle as a fire alarm, the defendant would not be liable. The

plaintiff complains of the portions of the charge in which this is stated. It has become a settled principle of our law that the preservation of the property in a city from damage and exposure to danger from fire and the establishment and maintenance of a fire department, when assumed by a municipal corporation under its charter, are a part of its public or governmental duties and for negligence in the performance of such duties it is immune from liability. *Jewett v. New Haven,* 38 Conn. 368; *Judson v. Winsted,* 80 Conn. 384, 68 Atl. 999; *Vezina v. Hartford,* 106 Conn. 378, 138 Atl. 145. No claim is made that the maintenance of the whistle as a fire alarm by the defendant was not a proper and reasonable means to adopt in the performance of its duty in putting out fires. The fact that the tank was not being used as a part of its fire prevention system, but was still in process of adaptation for such use, affords no ground of exception to the rule of governmental immunity, for that rule includes the construction and maintenance of fire equipment as well as its use for fire prevention. *Wild v. Paterson,* 47 N. J. L. 406, 412, 1 Atl. 490; *Long v. Birmingham,* 161 Ala. 427, 49 So. 881; *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Thompson v. New York,* 52 N. Y. Super. Ct. (20 Jones & Spencer) 427. That the duty of installing the tank was imposed upon the superintendent of the water and electrical department of the defendant, cannot alter the rule, for it would not change the nature of the defendant's duty; *Judson v. Winsted, supra;* nor, for the same reason, would the capacity in which the plaintiff was acting, whether as independent contractor or employee, make any difference. The plaintiff's complaint sounds wholly in negligence; he offered no evidence to prove that the use of air in the tank at a pressure of one hundred and fifty pounds to the square inch

would be intrinsically dangerous or would naturally work a direct or wanton injury to the property or rights of others, or give rise to a nuisance, within the rule stated in *Colwell* v. *Waterbury,* 74 Conn. 568, 573, 51 Atl. 530; the trial court would not have been justified in submitting such an issue to the jury. We cannot find error in the charge of the trial court. The plaintiff claimed in his appeal error in the failure of the court to comply with certain requests to charge, but they are not stated in the finding as having been made on the trial and are not before us.

The trial court, at the defendant's request, submitted two interrogatories to the jury, asking, first, whether the boiler at the time of the explosion was being prepared for the sole purpose of storing air to blow the fire whistle for the defendant's fire department, and, second, whether the boiler was a part of the fire alarm system of the fire department of the defendant. The jury answered both questions in the affirmative. Read in the light of the claims of the parties as to the facts proven, the answer to the second question must be taken to mean that the boiler had been so far connected with the fire alarm system as to become an integral part thereof; so understood there was evidence which would reasonably support that answer. These questions were in themselves pertinent to one of the controlling issues in the case and the trial court in submitting them to the jury acted in the exercise of a proper discretion. *Freedman* v. *New York, N. H. & H. R. Co.,* 81 Conn. 601, 614, 71 Atl. 901.

The plaintiff also appeals from the denial of his motion to set aside the verdict as against the evidence, his claim being that the evidence could not reasonably support a conclusion that in the testing of the tank the employees of the defendant were engaged in the performance of a governmental duty. Applying the prin-

ciples of law we have stated, there was ample evidence to support the verdict.

There is no error.

In this opinion the other judges concurred.