THE BROCK-HALL DAIRY COMPANY *vs.* CITY OF NEW HAVEN.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 6th, 1936—decided January 8th, 1937.

*Bertrand B. Salzman,* with whom was *Elliott R. Katz,* for the appellant (plaintiff).

*Harold C. Donegan,* with whom, on the brief, was *Vincent P. Dooley,* for the appellee (defendant).

AVERY, J.  The plaintiff brought this action to recover damages for injuries alleged to have been caused by reason of a collision which occurred in the town of Hamden between plaintiff's automobile and a fire truck of the defendant city.  The complaint was in two counts.  In the first count, the plaintiff set up: An automobile operated by its servant was proceeding in a northerly direction on Shelton Avenue in Hamden and had entered the intersection of that street with Goodrich Street, when it was struck by an automobile fire truck, operated by a servant of the defendant, which was proceeding westerly on Goodrich Street.  The fire truck had been called to a fire in Winchester Avenue in New Haven.  After the fire had been extinguished, the truck proceeded from the city of New Haven into the town of Hamden on Goodrich Street, and then traveled west on that street, using that route to return to the firehouse of the defendant on Dixwell Avenue in New Haven where the truck was stored.  When defendant's fire truck reached the intersection, plaintiff's automobile had already entered it and was near the center.  The plaintiff claimed that the collision was due to the negligence of the defendant in that the driver of the fire truck did not give the plaintiff's

automobile the right of way at the intersection; that the fire truck was operated at an unreasonable speed having regard to the width, traffic and use of the streets and the intersection; that in passing through the intersection it did not keep to the right of the center line of the highway along which it was proceeding; that in approaching the intersection its speed was not reduced and no signal was given; and that the truck was not brought to a full stop before entering the intersection, although full stop signs were placed by the traffic authority in the town of Hamden on each side of Goodrich Street requiring motor vehicles approaching from the east on Goodrich Street to come to a full stop before entering the intersection.

The second count of the complaint set up the same facts as were set up in the first count and substantially the same allegations of negligence, and went on to allege that, by reason of the foregoing facts, the defendant created a nuisance at the place and time in question; and that the operation of the heavy fire truck at a high rate of speed in disregard of the statutes and traffic rules and regulations while returning to the firehouse after the extinguishment of the fire created a nuisance.

The defendant demurred to both counts of the complaint on the ground that the fire truck was then being used and operated in the performance of a governmental duty of the defendant city; and to the second count, the defendant demurred upon additional grounds, the substance of which was that the facts stated in the second count did not constitute a nuisance. The demurrer was sustained as to both counts and the plaintiff having refused to plead further judgment was entered for the defendant from which the plaintiff has appealed.

Two questions of law are presented: First, is the

defendant city entitled to immunity for damage occasioned by the negligent operation of a fire truck on a public highway outside of the corporate limits of the city while the truck is being driven back to the station house within the city after a fire within its corporate limits has been extinguished; and, second, did the conduct of the operator of the fire truck, as alleged in the complaint, constitute a nuisance so as to render the defendant city liable to the plaintiff for injuries thereby caused.

It is settled in this State that a municipal corporation is exercising a governmental function when maintaining and operating a fire department pursuant to legislative authority, and while in the exercise of that function is not liable for the negligent acts of its officers, agents and servants. *Jewett* v. *New Haven,* 38 Conn. 368, 383; *Torbush* v. *Norwich,* 38 Conn. 225, 228; *Judson* v. *Winsted,* 80 Conn. 384, 387, 68 Atl. 999; *Vezina* v. *Hartford,* 106 Conn. 378, 380, 138 Atl. 145; *O'Donnell* v. *Groton,* 108 Conn. 622, 626, 144 Atl. 468. In this respect, our law is in harmony with the great weight of authority elsewhere in this country. See notes, 30 A. L. R. p. 473; 9 A. L. R. p. 143; 4 Dillon, Municipal Corporations (5th Ed.) § 1660; *Maxmilian* v. *Mayor,* 62 N. Y. 160, 164. Under our rule, the principle of governmental immunity extends to the construction and maintenance of fire equipment as well as to its use for fire protection. *O'Donnell* v. *Groton,* supra, p. 626. In the *O'Donnell* case we held that an employee of a municipality who had been engaged in welding steel plates to an old steam boiler in order to adapt it for use as a compressed air tank for the operation of a fire alarm whistle, could not recover for injuries caused by an explosion of the tank resulting from the negligent manner in which other employees of the defendant were testing the tank by forcing air

into it under excessive pressure, if the tank was being installed as part of defendant's system of fire prevention. In *Judson* v. *Winsted,* supra, p. 387, we held that a municipality, while engaged in flushing out a hydrant for the sole purpose of determining whether it was in a suitable condition for use in extinguishing fires, was engaged in the performance of a governmental duty and was not liable for negligence in the discharge of that duty. In *Vezina* v. *Hartford,* supra, p. 380, to guard against the rekindling of a fire which had been extinguished, the fire department laid a hose from the nearest hydrant diagonally across a sidewalk into the building; an hour or two later, the plaintiff stumbled and fell over the hose, and we held that in using the hose as a reasonable precaution against a recurrence of the fire the defendant was performing a governmental duty and the city was immune from liability for plaintiff's injuries; and that the hose could be regarded as a defect in the highway only if it had been allowed to remain there after it had ceased to be reasonably necessary for such protection.

The principles of these cases decide the present controversy. Under our decisions, the return of the fire apparatus to the firehouse after a fire by a convenient route over the highway must be considered an operation essential to the efficient maintenance and operation of the equipment of the fire department. That the convenient route over the public highway happened to pass within the territorial limits of another municipality does not change the character of the operation. There is nothing in the allegations of the complaint to indicate that in returning to the firehouse by the route which was followed the firemen in charge of the truck did not pursue a proper and reasonable means in the performance of their duty to return the fire apparatus to its station. It follows, as appears

from the complaint, that the fire apparatus was being operated in the performance of a governmental duty. The demurrer of the defendant to the first count of the complaint was properly sustained.

In the second count of the complaint, although various grounds of negligence are alleged, they all arise out of a momentary occurrence in driving through an intersection at high speed in disregard of traffic regulations. The operation of a fire truck upon a public highway is not a nuisance per se. *Wabash, St. Louis & Pac. Ry Co.* v. *Farver*, 111 Ind. 195, 199, 12 N. E. 296; *Chicago Great Western Ry. Co.* v. *Kenyon*, 70 Ill. App. 567, 569, 570; Joyce, Nuisances, § 256. The substance of the second count of the complaint is that the truck was being operated in a negligent manner. The defendant had a perfect right to operate its truck upon the public highway and a momentary act of negligence upon the part of the operator would not thereby render the truck a nuisance. Under our conception of the term, a nuisance arises from the creation or maintenance of a condition having a natural tendency to cause danger and inflict injury; *Stoto* v. *Waterbury*, 119 Conn. 14, 22, 174 Atl. 189; also the use of an intrinsically dangerous agency, the necessary and obvious effect of which is to cause harm, would constitute a nuisance. *Worth* v. *Dunn*, 98 Conn. 51, 62, 118 Atl. 467. In *Gonchar* v. *Kelson*, 114 Conn. 262, 271, 158 Atl. 545, we said that the word (nuisance) in its proper use "involves as an essential element that it be the natural tendency of the act or thing complained of to create danger and inflict injury upon person or property." Inasmuch as the facts alleged in the second count of the complaint amount to no more than an allegation of negligence and do not set up a nuisance within the conception of the term as embodied in our

decisions, it follows that the demurrer to this count was properly sustained.

There is no error.

In this opinion the other judges concurred.