## MARIE VARSON BAILEY
*vs.*
## CITY OF MIDDLETOWN

Superior Court　　　　Middlesex County　　　　File No. 7574

■■■■■

■■■■■■

MEMORANDUM FILED MARCH 7, 1939.

*Nathan Aaron*, of Hartford, for the Plaintiff.

*Don Cambria*, of Middletown; *A. Harold Campbell*, of Mid-dletown, for the Defendant.

■■■■■

BALDWIN, J.   The plaintiff has brought her action in two counts.   The first count is based on negligence, and the second count is based on nuisance.   To the entire complaint the defendant has demurred.   The demurrer is based primarily on freedom from liability on the ground of governmental immunity.

There is no question that a municipal corporation is exercising a governmental function when maintaining and operating a fire department pursuant to its legislative authority, and while in the exercise of that function is not liable for the negligent acts of its officers and servants.   *Brock-Hall Dairy Co. vs. New Haven*, 122 Conn. 321, 189 Atl. 182; *O'Donnell vs. Groton*, 108 Conn. 622, 626, 144 Atl. 468; *Vezina vs. Hartford*, 106 Conn. 378, 380, 138 Atl. 145; *Judson vs. Winsted*, 80 Conn. 384, 387, 68 Atl. 999; *Jewett vs. New Haven*, 38 Conn. 368, 383, 9 Am. Rep. 382; *Torbush vs. Norwich*, 38 Conn. 225, 228, 9 Am. Rep. 395.   Governmental immunity does not, however, exempt a municipality from liability for injury to property or person from a wanton act or from a nuisance committed by its servants or agents.   *Hoffman vs. Bristol*, 113 Conn. 386, 391, 155 Atl. 499; *Pope vs. New Haven*, 91 Conn. 79, 88, 99 Atl. 51.

Hence, it was held in *Hoffman vs. Bristol, supra* (at page 389), that:   "Where a municipal corporation creates and maintains a nuisance it is liable for damages to any person suffering special injury therefrom, irrespective of whether the misfeasance or nonfeasance causing the nuisance also constituted negligence.   This liability cannot be avoided on the ground that the munici-

pality was exercising governmental functions or powers, even in jurisdictions where, as here, immunity is afforded from liability for negligence in the performance of such functions."

In *Hoffman vs. Bristol, supra* (at p. 389), the following quotation from *Melker vs. New York,* 190 N. Y. 481, 488, 83 N.E. 565, was cited with approval as a satisfactory test for a nuisance: "If the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as matter of fact; but if the act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held a nuisance as matter of law."

The same facts may give rise to an action for negligence and one based on a nuisance. Where the conduct of the city's servants is negligent and in effect creates a situation in which injury is reasonably to be anticipated, such conduct constitutes a nuisance for which the city is responsible and liable in damages to any person injured thereby. *Stoto vs. Waterbury,* 119 Conn. 14, 18, 174 Atl. 189; *Maxwell vs. City of Miami,* 87 Fla. 107, 100 So. 147. As stated in the dissenting opinion in *Pope vs. New Haven, supra* (at p. 88): "Whether a situation, a thing, or an act, constitutes a nuisance, is ordinarily a question of fact. *Burnham vs. Hotchkiss,* 14 Conn. 311, 318; *Stowe vs. Miles,* 39 Conn. 426, 428. But when the facts are clear, the act in question may be held to be a nuisance as a matter of law. *Jenne vs. Sutton,* 43 N.J.L. 257."

The rule is concisely stated in *Capozzi vs. Waterbury,* 115 Conn. 107, 110, 160 Atl. 435, 436: "That a municipality is liable for damages resulting from acts which it has directed to be performed, and which from their character or the manner in which they are executed will naturally create a nuisance, is settled by numerous decisions of this court," citing *Colwell vs. Waterbury,* 74 Conn. 568, 573, 51 Atl. 530; *Conway vs. Waterbury,* 84 Conn. 345, 80 Atl. 83; *Flynn vs. West Hartford,* 98 Conn. 83, 118 Atl. 517; *Hoffman vs. Bristol, supra.*

The second count of the plaintiff's complaint based on nuisance in paragraph 9 alleges that: "The defendant, Franklyn Dunn, had been employed by the Defendant, City of Middletown, and placed in charge of an extremely large and heavy motor vehicle, when it knew or should have known that he was an incompetent and reckless driver of motor vehicles and that he had a reckless and negligent disposition when operating

same. The Defendant, City of Middletown, knew or should have known of his negligent, incompetent and reckless conduct, and neglected and failed to discharge him, and instead retained and placed him in charge of a large fire truck upon the city highways, all of which resulted in the creation and mainten' ance by the Defendant, City of Middletown, of a condition having a natural tendency to cause damage and inflict injury upon the lives and property of those lawfully using the high' ways and thus constituted a nuisance."

The alleged selection, hiring and retention by the city of a known incompetent and reckless driver of motor vehicles, who is put in charge of the driving of a large and heavy fire truck, and who negligently injures a person on the highway, may well be such action on the part of the city as constitutes negligence which is actionable.

The second count of the plaintiff's complaint based on nuis' ance, in paragraph 10, alleges further that: "The Defend' ants knew or should have known that at the time of said acci' dent the braking device and equipment of said fire truck was and had been for a long period of time in a defective, improper and dangerous condition, but nevertheless continued to use and operate said truck without repairing the same, thereby resulting in the creation and maintenance by the Defendant, City of Middletown, of a condition having a natural tendency to cause damage and inflict injury upon the lives and property of those lawfully using the highways and thus constituted a nuisance."

The operation of a fire truck in a defective, improper and dangerous condition with the knowledge of such condition over a long period of time may well be a nuisance in fact if not as matter of law. If the operation of a fire truck in such condi' tion had the natural tendency to cause damage and inflict injury on the lives and property of those lawfully using the highway, the operation of a truck over a long period of time in such con' dition may well constitute a nuisance. This involves questions of fact that should be determined upon a trial.

In Brock-Hall Dairy Co. vs. New Haven, supra, cited in the defendant's brief, the plaintiff sued on two counts, the first on negligence and the second on nuisance. The court held (at p. 326) that: "although various grounds of negligence are alleged, they all arise out of a momentary occurrence in driving through an intersection at high speed in disregard of traffic regulations."

It is to be noted that in this *Brock-Hall Dairy Co. vs. New Haven* case, the court stressed the fact that the negligence of the defendant arose out of a momentary occurrence in driving, which is quite different from the negligence alleged in the instant case, which was the result of an act or acts on the part of the defendant, City of Middletown, in the hiring and continuing in its employment of an incompetent and reckless driver whom it knew to be such over a long period of time, and in the placing of such driver in the employment of operating a motor vehicle, namely, a heavy fire truck, the brakes of which were in a defective condition, which condition had existed to the knowledge of the defendant city over a long period of time.

Under paragraphs 9 and 10 of the second count quoted hereinbefore, the plaintiff alleges facts which meet the conception of the term "nuisance" as embodied in several of our Connecticut decisions which hold that the word, "in its proper use. . . .involves as an essential element that it be the natural tendency of the act or thing complained of to create danger and inflict injury upon person or property." *Gonchar vs. Kelson,* 114 Conn. 262, 271, 158 Atl. 545, 548; *Hoffman vs. Bristol, supra,* 389; *Brock-Hall Dairy Co. vs. New Haven, supra,* 326.

This case is very similar to the case of *Hoffman vs. Bristol, supra,* in which the court held (at p. 392): "The jury. . . . were justified, on the evidence, in concluding that the situation . . . .created [by the maintenance of a diving board about four feet above shallow water which was usually so opaque that its shallowness was not discernible by one standing on the board] was so inherently dangerous and a menace to the safety of users as to constitute such a nuisance in fact that the defense of immunity from liability. . . .was not available to the defendant with respect thereto."

The demurrer in the instant case is addressed to the whole complaint. It should be overruled if it reaches only one of two or more causes of action therein. *Thompson vs. Main,* 102 Conn. 640, 129 Atl. 786.

It has been held that a demurrer addressed to the substance of a complaint must fail if any facts provable under its allegations would support the cause of action relied upon. *Blakeslee vs. Water Commissioners,* 106 Conn. 642, 649, 139 Atl. 106; *Folwell vs. Howell,* 117 Conn. 565, 568, 169 Atl. 199;

*Mathews vs. Converse*, 83 Conn. 511, 515, 77 Atl. 961; *Wildman vs. Wildman*, 72 Conn. 262, 270, 44 Atl. 224; *O'Donnell vs. Sargent & Co.*, 69 Conn. 476, 483, 38 Atl. 216. A demurrer may only be used to test the sufficiency of the entire cause of action. *Baker & Bennett Co. vs. Puklin*, 101 Conn. 163, 125 Atl. 252.

For the reasons herein assigned the demurrer is overruled in its entirety.