## RUEL DUNN v. TOWN OF WATERTOWN ET AL.

SUPERIOR COURT    LITCHFIELD COUNTY    FILE No. 11700

Memorandum filed November 12, 1946.

*Irving W. Pasternak* and *Michael V. Blansfield*, both of Waterbury, for the Plaintiff.

*William B. Fitzgerald* and *William Francis Jones, Jr.*, both of Waterbury, for the Defendants.

McLAUGHLIN, J. The plaintiff seeks to recover damages from the defendant town of Watertown and one Louis Jordan, a member of the police department of said town on April 12, 1946.

The first count does not indicate whether the defendant Jordan at the time of the alleged assault was engaged in the performance of his duties.

The demurrer is directed at the second count of the complaint, because the second count by analogy claims the defendant town liable on the same basis that hospitals or eleemosynary corporations are liable for the negligent acts of an employee done in the course of his employment when the corporation fails to use due care in the selection of such employee. The plaintiff's claim is not tenable, as a hospital or eleemosynary corporation is a creature of the sovereignty and not a part of it.

Police officers appointed by a city are not its agents or servants in such sense as to render it responsible for their unlawful or negligent acts in the discharge of their duties as policemen. A city is not liable for an assault committed by its police officers while making an arrest. 4 Dillon, Municipal Corporations (5th Ed.) § 1656. A municipal corporation is not, in the absence of statute, liable in damages because of the manner in which its police officers perform or neglect to perform their public duties, they being deemed, while in the exercise of their powers and in the performance of their duties, not agents or servants of the municipal corporation but public officers of the law, so that for injuries committed by them unlawfully and tortiously the only remedy for the person injured is against them personally. White, Negligence of Municipal Corporations, § 67.

The duties of a town in the maintenance of the public peace is a governmental function imposed by the state for the benefit of the general public and when so engaged it will be immune from liability for injuries done in the performance of such acts. Hannon v. Waterbury, 106 Conn. 13, 16. When a municipality is exercising a governmental function it is not liable for the negligent acts of its officers, servants and agents. Brock-Hall Dairy Co. v. New Haven, 122 Conn. 321, 324.

The four grounds of demurrer employed by the defendant town are briefly:

(1) In employing Jordan as a police officer the town was in the performance of a governmental function, hence immune from liability.

(2) Knowledge on the part of the defendant town of the erratic character or uncontrollable temper of the defendant Jordan, in employing and continuing to employ him as a policeman, was likewise a governmental function for which the town was immune from liability.

(3) The claimed failure of the town to take due care in selecting the defendant Jordan constitutes, at best, negligence in the performance of a governmental function for which there is no liability.

(4) The entire second count indicates alleged negligence of the defendant town in the exercise of a governmental function and, therefore, does not constitute a good cause of action at law.

The defendant town further relies on *Craig* v. *Charleston,* 180 Ill. 154, 156, which appears directly in point on the claimed negligence or wrongful act in the selection of a policeman by the appointing authority of the city and in which the court held that this selection by the mayor was a governmental function and that the town was immune from civil liability.

For reasons stated above, the demurrer is sustained on all four grounds.