PATRICK MAINOLFI *v.* PETER J. BRAZEE

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, Js.

Argued January 5—decided March 22, 1949.

*William K. Lawlor,* for the appellant (defendant).

*George J. Yudkin* filed a brief for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover a payment to the defendant made as a part of the purchase price of a used bulldozer on the ground that there had been a breach of warranty and that the machine had been returned to Ben Slovik, the man from whom the defendant had purchased it, with the understanding that the amount paid to the defendant would be refunded to the plaintiff.   The defendant filed an answer denying that there had been any breach of warranty or that the machine had been returned with the understanding alleged, and a cross-complaint in which he sought to recover on the basis that the plaintiff had failed to make another payment agreed to be made to the defendant on the purchase price and to pay certain notes due from the defendant on the machine and assumed by the plaintiff.   The plaintiff filed a reply in the nature of a general denial. The trial court rendered judgment for the defendant on the complaint and for the plaintiff on the cross-complaint.   Both parties appealed, but the appeal of

the plaintiff was subsequently erased from the docket for failure to prosecute.

The decisive findings of the trial court are that, as a result of a complaint by the plaintiff to the defendant in regard to the condition of the machine, the two men called on Slovik; that after a discussion the defendant and Slovik told the plaintiff to return the machine to Slovik, which was done; and that the defendant intended its return to extinguish his claim against the plaintiff and Slovik's claim against him. The effect of this finding is that the parties agreed to a rescission of the contract, and the evidence affords support for a reasonable inference that this was their intent.

It is true that rescission as a defense to the cross-complaint should have been specially pleaded. Practice Book § 104; *Boston Lumber Co. v. Pendleton Bros., Inc.,* 102 Conn. 626, 633, 129 A. 782. But the issue was raised by the allegation of the complaint that the bulldozer was returned with the understanding that the amount paid by the plaintiff was to be refunded, and the denial of that allegation; and nowhere in the record does it appear that the defendant raised any question that the pleadings were insufficient to afford a basis for a judgment that the agreement had been rescinded. Under these circumstances any defect in a failure specially to plead rescission in reply to the cross-complaint must be regarded as having been waived. *Hanley Co. v. American Cement Co.,* 108 Conn. 469, 471, 143 A. 566; *O'Donnell v. Groton,* 108 Conn. 622, 625, 144 A. 468.

There is no error.

In this opinion JENNINGS, ELLS and O'SULLIVAN, Js., concurred; BROWN, J., concurred in the result.