[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
This matter was initiated by complaint dated July 15, 1997 and a six count amended complaint dated March 18, 1998. The plaintiff seeks recovery for personal injuries, death and loss of consortium arising out of an incident occurring at the Town of Windsor Sanitary Landfill Transfer Station located at 500 Huckleberry Road, Windsor, Connecticut.
The plaintiff's decedent sustained serious injuries on July 22, 1995 which ultimately led to his death in August of 1995. These injuries occurred when decedent was on the premises during operational hours and was struck by an automobile on the premises. The plaintiff alleges that the injuries were caused by the defendants through their negligence and careless design CT Page 14516 construction, maintenance and supervision of the site. In addition to the Town, the plaintiff names as defendants two town employees generally concerned with the operation of the landfill.
The defendants have moved for summary judgment as to the entire complaint claiming that as a matter of law a landfill transfer station represents governmental duties protected by governmental immunity.
STANDARD
Summary judgment should be rendered if the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Orkney v. Hanover Inc.Comp., 248 Conn. 195 (1999) Connecticut Practice Book Sec. 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. Orkney, supra at p. 201.
DISCUSSION
Connecticut case law on municipal immunity deals extensively with the distinction between "proprietary functions" and "governmental acts". Our cases also analyze immunity in terms of "discretionary acts" and "ministerial acts". At times, the concepts appear to be used interchangeably.
In the instant case, the municipal defendants assert that even if the conduct is proprietary, municipal immunity bars the claims if the acts complained of are discretionary in nature. This argument is inconsistent with Section 52-557n(a)(B) which provides: "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to persons or property caused by . . . (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit." The defendants have cited no statute which provides immunity from liability for negligence in the performance of proprietary functions. See Accashian v.Danbury, 1999 W.L. 27223 (Conn.Sup. ) (Hodgson, J.). Defendants have filed the affidavit of Dr. Charles Petrillo, Jr., the Director of Public Health for the Town and one of the named defendants. In that affidavit, Dr. Petrillo states in part:
 6. That the Town of Windsor Landfill/Transfer Station is CT Page 14517 operated for the public benefit and the promotion of public health. . . .
 10. That the manner of design, construction and maintenance of the landfill/transfer station were and are discretionary acts.
The distinction between governmental and proprietary acts is not drawn on the basis of whether the activity serves the public.Accashian, supra. Operation or maintenance of public facilities has been ruled governmental rather than proprietary on numerous occasions. Storm sewers, Spitzer v. Waterbury, 113 Conn. 84
(1931): public parks, Stradmore Development Corp. v.Commissioners, 164 Conn. 548 (1973); swimming facilities, Carterv. City of Norwalk, 108 Conn. 697 (1929); fire departments,O'Donnell v. Groton, 108 Conn. 622 (1929); police services,Gordon v. Bridgeport Housing Authority, 208 Conn. 161; and maintenance of fire hydrants, Williams v. City of New Haven,243 Conn. 763 (1998). Provisions for utilities for profit such as the operation of water works have been ruled proprietary. Abbott v.Bristol, 167 Conn. 143 (1974); Richmond v. Norwalk, 96 Conn. 582.
Whether the operation and maintenance of the landfill transfer station is an exercise of a governmental or proprietary function involves several questions of fact. Among those questions are whether fees are charged, whether the town covers all or part of the costs or whether the landfill generates a profit, whether the landfill is operated for the comfort and convenience of the citizens thereby providing a corporate benefit or conversely whether it is the fulfillment of a governmental function related to the health, safety and welfare of the public at large. See McDermott v. Calgary Baptist Church, 1999 W.L. 73981 (Conn.Sup. ) (Flynn, J.).
The court holds, even assuming for the sake of argument that the duties alleged to be breached are discretionary, that the court does not reach the question of discretion unless and until the landfill transfer station is found not be proprietary.
In the present case, the affidavit submitted is largely conclusionary and is not conclusive as to the nature of the landfill. If evidence at trial shows that maintaining and operating the landfill transfer station is a proprietary function of the municipality, then the defendant would have the same duties as would a private possessor of property and would have CT Page 14518 the duty to inspect the property and warn invitees of possible danger. It is the defendant's obligation in a motion for summary judgment to show that there is no dispute of material fact. The court holds that there is presently a dispute of material fact as to whether the landfill transfer station as operated is a proprietary or municipal function.
Booth, J.