GEORGE FLYNN *vs.* THE TOWN OF WEST HARTFORD.

First Judicial District, Hartford, October Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

Under General Statutes, § 1414, a town which makes an excavation
three feet or more deep upon the traveled part of the highway,
in repairing or altering a water-main, and leaves it unguarded save
for a pile of earth and sand a foot high along its sides, is liable in
damages to a traveler on the highway who is injured by the ob-
struction while in the exercise of reasonable care.

The defendant claimed that a variance existed between the allegations
of the complaint and the proof. *Held* that in view of the plaintiff's
evidence, which the jury had a right to believe, there was no merit
in this claim.

The accident happened in daylight, and the defendant insisted that the
plaintiff could not have been in the exercise of due care, otherwise

he would have seen the obstruction in time to have avoided it. The plaintiff claimed and testified that the sun struck the windshield of his automobile in such a way as to interfere with his sight, and that he did not see the defect until it was too late to avoid it. *Held* that the finding of these claims by the jury in favor of the plaintiff was not unreasonable, and that the trial court did not err in refusing to set aside the verdict.

Argued October 4th—decided October 18th, 1922.

ACTION to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $1,500, and appeal by the defendant. *No error.*

*John T. Robinson,* with whom was *Carlyle C. Thomson,* for the appellant (defendant).

*Jacob Schwolsky,* with whom was *Frederick J. Rundbaken,* for the appellee (plaintiff).

PER CURIAM.  The jury might reasonably have found that the plaintiff in the daytime drove his automobile into a pile of sand and earth and an excavation located upon the traveled part of a highway in the defendant town, made by it in repairing or altering a water-main, and left by it without adequately guarding it; that the excavation was about three feet wide and three and one half feet deep, and began two feet from the curb, and that the sand and earth, thrown up from the excavation, extended on either side one and nine tenths feet beyond the excavation and to a height of one foot.

In the argument of this appeal the defendant relied upon three points: 1. That, concededly, the defendant was engaged upon a governmental duty, and therefore

the excavation and piles of sand and earth did not make the highway defective within the meaning of General Statutes, § 1414. Repeated decisions of this court and an unvarying construction of this statute since its enactment in 1672, adverse to this claim, make the attempt to now question it futile and its rediscussion unnecessary. *State* v. *Towers,* 71 Conn. 657, 666, 42 Atl. 1083. Aside from the liability under the statute, the defendant would be liable under the common-law rule for an injury proximately resulting from the presence upon the highway of this pile of sand and earth and excavation, because it was responsible for their existence; it made the excavation, it piled up the sand and earth and it left them inadequately guarded. Of a similar situation we said, in *Danbury & Norwalk R. Co.* v. *Norwalk,* 37 Conn. 109, 119: " The question whether such a corporation as the respondent, in consequence of any immunity inherent in its municipal character, is exempt from those liabilities for malfeasance for which individuals and private corporations would be liable in a civil action by the party injured, is no longer an open one. The acts, of the character of those now in question, involved in the necessary performance of a duty prescribed by a municipal ordinance, are strictly ministerial, and when performed by an officer or agent by direction and for the benefit of the corporation, no exemption from liability by the principal can be interposed when from negligence or wilfulness they are so performed as to produce unnecessary damage to other parties." Again, in *Colwell* v. *Waterbury,* 74 Conn. 568, 573, 51 Atl. 530, we held that the rule of governmental immunity does not exempt municipalities "from liability for the consequences of the particular acts which the municipality has directed to be performed, and which, from their character or the manner in which they are so ordered to be executed,

will naturally work a direct injury to the property of others, or create a nuisance, or occasion a wanton injury to the property or rights of other persons." See, also, *Greenwood* v. *Westport,* 63 Conn. 587, 598, 60 Fed. 560; *Perrotti* v. *Bennett,* 94 Conn. 533, 39, 109 Atl 890; 3 Dillon on Municipal Corporations (5th Ed.) § 1645.

2. The defendant claims that a variance exists between the allegations of the complaint and the proof. Reference to the testimony of the plaintiff, which the jury might have believed, shows the lack of merit in this point. 3. That the plaintiff was not in the exercise of due care. This is the only arguable point in the case. The accident occurred in daylight, and in the ordinary course of travel the plaintiff could have seen these obstructions in time to have avoided them. The trial court, however, held that the jury might have found that when the plaintiff came to the crest of the hill the sun struck the glass windshield of his automobile interfering considerably with his vision, and in view of this and of the low degree of visibility at this point, and of the right of the plaintiff to rely upon the use of due care by the defendant to have its highways reasonably safe, or, if defective, to use reasonable care to warn travelers of the defect, that the plaintiff was not negligent in driving into these obstructions. The trial court ruled that the jury could not be held as matter of law to have acted unreasonably in this finding. We concur fully with the trial court and are of the opinion that our decisions require this conclusion.

There is no·error.