EUGENE SPITZER AND BELLA SPITZER *vs.* THE CITY OF
WATERBURY.

Third Judicial District, New Haven, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 20th—decided April 6th, 1931.

*J. Warren Upson,* for the appellants (plaintiffs).

*Vincent A. Scully,* with whom was *Charles O'Connor,* for the appellee (defendant).

BANKS, J.   The complaint alleged that the defendant, as incidental to its duty of maintaining its streets, provided storm water sewers, that one of these sewers discharged into the bed of an old stream which was covered over, and that after a heavy rainfall the stream overflowed through a catch basin in front of the plaintiffs' house, discharging water into the street which ran into the plaintiffs' cellar, causing damage to their property.   The complaint set up two grounds of action:  First, that the city negligently failed to maintain the stream in a clean and unobstructed condition so that it could carry off such water as would ordinarily be discharged into it, and second, that it negligently failed to provide an outlet of sufficient size to carry off the water collected in the storm water sewer by discharging it into the stream.   The court found that the city exercised due care in maintaining the stream, and kept the stream and its storm water system free from obstructions.   This finding was not attacked, and the plaintiffs have not appealed from the court's conclusion that the city was not negligent in the care of its storm water system.   The only question upon the appeal is as to the correctness of the court's conclusion that the city was not liable for the damage resulting from its failure to provide an outlet of sufficient size to carry off the water which

was discharged into the covered stream after the rainfall, as alleged in the second ground of action set up in the complaint. As to this cause of action the court found the following facts: The plaintiffs' property is located on State Street near the center of the city. Waterbury is hilly and rain water which falls on the hills flows to the center of the city and eventually into the Naugatuck River. The storm water from a considerable area north and east of the plaintiffs' property formerly drained into a natural stream. This stream is now covered over with stone slabs, and is about three or four feet square in cross section. It runs underground, passing under the plaintiffs' property, and empties into a culvert four feet high by three and a half feet wide, and thence into the Naugatuck River. For a number of years water from the streets in a portion of this watershed has drained into a storm water sewer having a diameter of twenty inches, and for a portion of its length of twenty-four inches. This storm water sewer empties into the covered stream at a point on State Street opposite the plaintiffs' property at an angle of about ninety degrees. At this point there are two catch basins. For a number of years the storm water from a portion of the area drained by the natural stream has been diverted and carried off so that it emptied into other outlets than the covered stream. In the evening of August 10th, and the morning of August 11th, 1929, there was an unusual and almost unprecedented fall of rain in Waterbury, four and forty-three one-hundredths inches of rain falling during that period. The force of the flood water from this storm was so great that it removed the covers from the catch basins opposite the plaintiffs' property, and flooded the street and the plaintiffs' cellar. The covered stream, and the entire storm water system in this drainage area,

was of sufficient size and construction to care for and carry off such rainfall as would ordinarily be expected.

The plaintiffs claimed that the defendant, in planning a storm water disposal system, was acting, not in a governmental, but in its ministerial capacity, and was under a duty to provide a system adequate to dispose of such water. A municipality is engaged in the performance of a governmental function when its action is for the benefit of the public and not for its own corporate profit. Municipal governmental duties are those which are "imposed by the State for the benefit of the general public," and those "imposed in pursuance of a general policy, manifested by legislation affecting similar corporations, for the particular advantage of the inhabitants of the municipality, and only through this, and indirectly, for the benefit of the people at large." *Judd* v. *Hartford,* 72 Conn. 350, 44 Atl. 510. They may be imposed or authorized by charter or by general law, and they may be mandatory or permissive; the test is whether the nature of the act or function is governmental. *Pope* v. *New Haven,* 91 Conn. 79, 99 Atl. 51; *Hannon* v. *Waterbury,* 106 Conn. 13, 136 Atl. 876. In constructing or repairing its highways a municipality is engaged in the performance of a governmental duty. *Jones* v. *New Haven,* 34 Conn. 1; *Colwell* v. *Waterbury,* 74 Conn. 568, 51 Atl. 530. The duty imposed by statute upon the municipality to maintain the highways within its limits makes it necessary for the municipality to dispose of all surface water falling upon them. *Bronson* v. *Wallingford,* 54 Conn. 513, 9 Atl. 393. Storm water sewers, which carry off the surface water from the streets of a city are adjuncts of a highway and partake of its nature as a governmental use. *Cone* v. *Hartford,* 28 Conn. 363, 372; *Platt Bros. &*

*Co.* v. *Waterbury,* 72 Conn. 531, 549, 45 Atl. 154. The defendant city under its charter is authorized to lay out and provide a drainage system, and, as alleged in the complaint, has provided storm water sewers as incidental to its duty to maintain its streets. Clearly the duty to provide such drains, authorized by the defendant's charter, is governmental in its nature. *Platt Bros. & Co.* v. *Waterbury, supra,* p. 549; 6 McQuillin on Municipal Corporations (2d Ed.) § 2864.

The court found that the city exercised due care in keeping its storm water system free from obstructions. It was also bound to exercise due care in the construction of its storm water sewers, and would be liable for its failure to do so though the work was done in the performance of a public and governmental duty. *Judd* v. *Hartford, supra; Norwalk Gaslight Co.* v. *Norwalk,* 63 Conn. 495, 530, 28 Atl. 32; *Mootry* v. *Danbury,* 45 Conn. 550, 556. The work of constructing drains and sewers, as well as that of keeping them in repair, is ministerial, and the municipality is responsible for negligence in its performance. 4 Dillon on Municipal Corporations (5th Ed.) §§ 1742, 1743. If, apart from any defect in the plan, the city's employees had so negligently and improperly constructed the outlet of this storm water sewer that, under conditions reasonably to be anticipated, it would not carry off the water collected by it, the city would be responsible for damage directly resulting to the plaintiffs' property. The court has not found that the city was negligent in the construction of the storm water sewer, and the plaintiffs' case is not based upon such a claim.

The allegations of the complaint, and the claims of the plaintiffs upon the trial, make it clear that the default upon which they relied, in stating this cause of action, was the failure of the city, in planning a

storm water disposal system, to adopt a plan which provided an outlet of sufficient size adequately to dispose of the water discharged by the storm water sewer into the covered stream. Such a defect in the plan upon which the system was constructed, if one existed, was the result of an error of judgment on the part of the officers of a public corporation on which has been cast the burden of discharging a governmental duty of a quasi-judicial character. *Hoyt* v. *Danbury,* 69 Conn. 341, 351, 37 Atl. 1051; *Wilson* v. *Waterbury,* 73 Conn. 416, 47 Atl. 687. For consequential damage resulting from the failure to discharge such a duty the defendant is not liable. As we said in *Hannon* v. *Waterbury, supra,* p. 16, "this principle is too firmly intrenched in repeated decisions of this court to be overturned or modified." But the rule which thus exempts municipalities from liability while acting in the discharge of a public duty does not relieve them from responsibility "for the consequences of the particular acts which the municipality has directed to be performed, and which, from their character and the manner in which they are so ordered to be so executed, will naturally work a direct injury to the property of others, or create a nuisance, or occasion a wanton injury to the property or rights of other persons." *Colwell* v. *Waterbury, supra,* p. 573. Where, therefore, the plan of construction is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in a direct trespass upon their property, the municipality cannot claim immunity, since such a result would constitute an appropriation of property without compensation. *Hoyt* v. *Danbury, supra,* p. 352; *Colwell* v. *Waterbury, supra; Flynn* v. *West Hartford,* 98 Conn. 83, 85, 118 Atl. 517; 6 McQuillin on Municipal Corporations (2d Ed.) §§ 2867,

2873; 2 Farnham on Waters, § 254; 4 Dillon on Municipal Corporations (5th Ed.) §§ 1739, 1745; 43 Corpus Juris, pp. 1125, 1135; 1 L. R. A. (N. S.) 953. So, in the present case, if the plan adopted by the city failed to provide an outlet of sufficient size to carry off the surface water which might reasonably be expected to accumulate under ordinary conditions, with the result that the water thus collected was discharged in a body upon the plaintiffs' property, the city could not escape liability for the resulting invasion of the plaintiffs' rights upon the plea that it was acting in the discharge of a governmental duty. *Rudnyai* v. *Harwinton,* 79 Conn. 91, 95, 63 Atl. 948; *Salzman* v. *New Haven,* 81 Conn. 389, 392, 71 Atl. 500. If, however, the drains and sewers of a municipality are amply sufficient to meet all demands upon them under ordinary conditions, the municipality is not liable because they may prove inadequate to carry off the surplus waters from an extraordinary storm or flood. 43 Corpus Juris, p. 1136, § 1895; 6 McQuillin on Municipal Corporation (2d Ed.) § 2868. An extraordinary storm is not necessarily an unprecedented one, but one that happens so rarely that it is unusual and not ordinarily to be expected. *Diamond Match Co.* v. *New Haven,* 55 Conn. 510, 527, 13 Atl. 409; *Geuder, Paeschke & Frey Co.* v. *Milwaukee,* 147 Wis. 491, 133 N. W. 835; *Richmond* v. *Wood,* 109 Va. 75, 63 S. E. 449. The court has found, and this finding is not attacked, that the rainfall of August 10th and 11th was an unusual and almost unprecedented one, and that the entire storm water system of the defendant in this area was of sufficient size and construction to carry off such rainfall as would ordinarily be expected. This finding is decisive, adverse to the plaintiffs' contention, as to the liability of the city, either on the ground of negligent construction or of

a direct invasion of the plaintiffs' rights by reason of a defective plan of construction.

It is conceded by the plaintiffs, that, if their claims of law made upon the trial were not well founded, the rulings on evidence to which exception was taken are not open to objection.

The claimed corrections in the finding were sought in support of the plaintiffs' claim that the city's storm water system was inadequate to care for the rainfall of August 10th and 11th. The facts found by the court disclosed such to be the fact.

There is no error.

In this opinion the other judges concurred.