[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CITY OF WATERTOWN'S MOTION TO STRIKE
This case arises out of a tragic accident in which, so the plaintiff administrator claims, her decedent, Salvatore Ardito, Jr., was working on a construction site on a Watertown road when the arm of an excavator came into contact with overhead electrical utility wires, electrocuting him. The plaintiff has, inter alia, sued the City of Watertown (the "City") claiming, in count four of her complaint, that the City was performing work along the road "including widening, grading and the installation of storm sewers." It is specifically alleged that Mr. Ardito was installing pipes for storm sewers at the time of the accident and that the City was negligent in its supervision of the construction project.[1] The City has filed a motion to strike asserting that the doctrine of governmental immunity prevents the plaintiff's recovery. For the reasons stated below, the motion to strike is denied.
It is well settled that, "[w]here the municipality through its agent or employee acts in the performance of a governmental duty, it has a limited immunity from liability. . . but where the act complained of is ministerial, the municipality is responsible for its negligent execution." Wright v. Brown, 167 Conn. 464, 471,356 A.2d 176 (1975). The parties agree, as does the court, that the question here is whether the installation of storm sewers is governmental or ministerial in nature. While the decision as to whether to install storm sewers in the first place may be governmental, the actual "work of constructing drains and sewers . . . is ministerial, and the municipality is responsible for negligence in its performance." Spitzer v. City of Waterbury, 113 Conn. 84, CT Page 4671 88, 154 A. 157 (1931). See Peterson v. Town of Oxford,189 Conn. 740, 748-49, 459 A.2d 100 (1983); Southern New England Ice Co. v. Town of West Hartford, 114 Conn. 496, 504, 159 A. 470
(1932). This is consistent with the law in the majority of jurisdictions. 18 E. McQuillan, The Law of Municipal Corporations, Sec. 53.125 (3rd ed. 1984 rev.), and "[a]uthorities holding municipalities liable for negligence in the construction. . . [of] sewers and drains are very numerous," id. at 628.
The City's motion to strike is denied.
Dated at Waterbury this 11th day of December, 1990.
JON C. BLUE JUDGE OF THE SUPERIOR COURT