[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This action is brought in four counts, arising out of an incident on November 22, 1991, at which time it is alleged that the plaintiff's decedent, Michael Spencer, lost his life by virtue of an automobile accident on Newington Avenue, Hartford, Connecticut.
It is alleged that the incident was caused by a hazardous and dangerous condition of surface water runoff, causing problems on the easterly side of Newington Avenue, which water then streams across Newington Avenue. It is further alleged that said condition has been what can be best described as a chronic problem known to the City of Hartford since prior to January 1987. The complaint alleges that prior to that date residents of Newington Avenue complained to the City of Hartford about the condition numerous times.
The plaintiff alleges that in December 1986 the City conducted an investigation of these complaints and concluded that there did exist "a hazardous and dangerous condition which caused numerous accidents as a result of surface runoff streaming over the travel surface of Newington Avenue and collecting on the road surface, and CT Page 10176 that said condition was due to their own neglect." The plaintiff claims that after the investigation the defendant City of Hartford took no steps to correct the dangerous and hazardous condition.
The plaintiff has sued the City of Hartford; Mayor Saxon Perry; John C. Burke, Director of Public Works; Anthony Ferrara, City Engineer; and Ernest R. Jacobson, Assistant Director of Public Works; and Bupen Payel, whose officership is not specifically described. The complaint states that on or about October 11, 1990, the defendants Perry, Burke, Ferrara and Jacobson physically met at the site with local residents, in response to the said complaints of the neighbors, and found and determined that the claimed dangerous condition did exist, and was caused by the claimed improper drainage system; and that they stated that the City would take such steps to discontinue the dangerous condition.
The complaint, as amended May 24, 1993, is in four counts. The first count, against the City of Hartford, alleges "wanton, willful and reckless breach of its statutory duties" with regard to the construction, maintenance, layout, etc. of its road system at said location, as required by C.G.S. 7-148: It also alleges general "wanton, willful and reckless disregard of its duties" in that respect, without specific reference to C.G.S. 7-148.
The fourth count of the complaint sets forth a cause of action against the City of Hartford under the provisions of C.G.S. 13a-149, which provides that "any person injured in a defective road or bridge may recover damages from the party bound to keep it in repair."
The third count of the complaint sets forth a cause of action against the individual officers and employees of the City of Hartford, claiming their individual negligence in their individual capacities in breach of their statutory duties concerning the layout, construction, maintenance, etc. with respect to the alleged hazard on Newington Avenue.
The second count of the complaint, against said individual officers and employees, claims that the alleged CT Page 10177 neglect of the individuals consisted of "wanton, willful and reckless breach of their statutory duties."
On June 7, 1993 the defendants filed a "Motion to Strike" claiming that "Because the defective highway statute, C.G.S. 13a-149, provides the plaintiff's sole cause of action, the first three counts, sounding in recklessness, are untenable." On September 22, 1993 the defendants moved to amend the motion to strike to "include the alternative argument of governmental immunity." The amendment to the motion was granted without objection.
Hence, the motion to strike the first three counts, on both the basis of the exclusivity of C.G.S. 13a-149 and the additional general allegation of "Governmental Immunity" are both before the court.
As to the motion to strike the first count of the complaint. The case of Sanzone v. Board of Police Commissioners, 219 Conn. 179 (1991) is completely dispositive of the motion to strike as to the first count.
"In short, we construe 52-557n to provide that an action under the highway defect statute, 13a-149, is a plaintiff's exclusive remedy against a municipality, or other political subdivisions `for damages resulting injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of Police Commissioners, supra, p. 192. The court further determined that this statute,52-557n, precludes the assertion of liability against the municipality under the municipal employee indemnity statute, C.G.S. 7-465. (Sanzone v. Board of Police Commissioners, supra, p. 192). Further, claims against the municipality in nuisance arising out of highway defects are precluded. Sanzone v. Board of Police Commissioners, p. 190, 191, 198, 199. The court concluded that the latter remedies as against the municipality, which existed prior to the statute 52-557n, were eliminated by the adoption of that statute.
At common law it maybe claimed that a municipality is responsible for negligence in the performance or nonperformance of ministerial acts while engaged in a governmental activity, as contrasted to a proprietary activity (see Spitzer v. Waterbury, 113 Conn. 84, 88; CT Page 10178 Gauvin v. New Haven, 187 Conn. 180, 184). It is apparent from the scope of the decision, Sanzone v. Board of Police Commissioners, supra, that the municipality is not responsible for default in performing its duties as concerns highway defects, regardless of whether a specific duty or act is considered ministerial or discretionary, except as provided by C.G.S. 13a-149, which IS THE SOLE AND EXCLUSIVE REMEDY AGAINST THE MUNICIPALITY).
No claim is made in the instant case that the operation of a highway system is a proprietary, rather than a governmental, function. See Sanzone v. Board of Police Commissioners, supra, 179. Hence, the concept of lack of immunity of municipalities in the performance of proprietary functions at common law is not here applicable. Proprietary functions are, as described in C.G.S. 52-557n, "functions from which the political subdivision derives a special corporate profit or pecuniary benefit." Those considerations are not here appropriate.
As against the municipality, C.G.S. 13a-149 is the sole and exclusive remedy as concerns highway defects. The motion to strike the first count of the complaint is granted.
As concerns the third count of the complaint. This count alleges negligence on the part of the individual defendants. The court in Sanzone v. Board of Police Commissioners determined "We do not, however, construe 557n to bar a plaintiff from asserting causes of action in tort against those individuals whose actual conduct was a proximate cause of the injury." At common law, municipal officers were liable for their own torts, but the municipality, their municipal "master" was not vicariously liable for those torts." Sanzone v. Board of Police Commissioners, supra, p. 993. In 1920 this state adopted a qualified immunity doctrine for municipal employees engaged in the performance of governmental acts. See Wadsworth v. Middletown, 194 Conn. 439. "A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act as opposed to a discretionary act. The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews, 211 Conn. 501, CT Page 10179 505.
"If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. Gordon v. Bridgeport, 208 Conn. 161, 166.
Nonetheless, although a function may be governmental, yet upon a determination by the governmental officer that a state of facts actually exists which as a matter of law compels a conclusion that remedied action must be taken, then a duty to take appropriate action may then arise and be mandatory and therefore ministerial.
"While the determination of that state of facts involved the exercise of judgment, the subsequent duty to quarantine for fourteen days was mandatory and, therefore, ministerial." Wright v. Brown, 167 Conn. 471, 472.
The third count of the complaint is sufficiently pleaded to support a claim that the defendants actually found a state of facts to exist which allegedly required mandatory remedial action as a matter of law.
As to the third count of the complaint, it "would permit proof of facts which would establish that the defendants failed to discharge ministerial functions. The demurrer should have been overruled . . ." Tanza v. New Haven, 173 Conn. 203, 205, 206.
The motion to strike the third count of the complaint is denied.
The second count of the complaint is directed against the individual defendants. It alleges that the said activity of the individual employees and officers in utterly ignoring the situation was "wanton, willful and reckless breach of their statutory duties."
Even if it were ultimately determined that the alleged CT Page 10180 acts/omissions were discretionary rather than ministerial this would not automatically defeat the cause of action set forth in this count.
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: . . . and third, where the alleged acts involve malice, wantoness or intent to injure, rather than negligence." Evon v. Andrews, 211 Conn. 501, 505. "Wanton" — "It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Dubay v. Irish, 207 Conn. 518, 532.
The allegations of the second count under the circumstances so alleged would permit proof of a claim of wantonness.
The motion to strike the second count of the complaint is denied.
L. Paul Sullivan, J.