[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs, Joseph and Claire Walsh (Walshes) and James and Ruth Stewart (Stewarts), commenced this action by filing a complaint against the defendants, the Town of Stonington Water Pollution Control Authority (WPCA), the Town of Stonington (Stonington) and the State of Connecticut Department of Environmental Protection (DEP)[1], on September 16, 1991. The complaint alleges that the Walshes are owners of property located at 146, and the Stewarts at 156, River Road in Pawcatuck, Connecticut, that the properties are within 600 feet of the Pawcatuck Waste Water Treatment Plant (Plant) on Tullie Road, Stonington, Connecticut, and that the Plant is operated by Stonington by authority from the DEP. The plaintiffs further allege that since about August 1990, their properties have been permeated by intolerable odors and infested by insects, such as midges, mosquitos, fungus gnats and black flies, and that these conditions are caused by the Plant. The plaintiffs further allege that they have exhausted all available administrative remedies. The plaintiffs assert causes of action CT Page 4453 against the defendants for the negligent construction, maintenance and or operation of the Plant (count one), nuisance (count two), trespass (count three), intentional infliction of emotional distress (count four) and seek equitable relief for unreasonable pollution pursuant to General Statutes § 22a-16
(count five)
The defendants filed a joint answer on December 10, 1992, and a subsequent amended answer with special defenses on July 7, 1993. Upon permission granted by the Court, Hendel, J., the defendants filed a motion for summary judgment and supporting legal memorandum on February 21, 1995 That motion was granted by the court, Hurley, J., on December 13, 1995, for failure of the plaintiffs to file a brief in opposition. The plaintiffs filed a motion seeking reargument/reconsideration of the motion for summary judgment, which was granted by the court, Hurley, J., on January 4, 1996. The plaintiffs have since submitted a memorandum in opposition pursuant to Practice Book § 380.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact [however] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In the present case, the defendants seek summary judgment on the first four counts of the plaintiffs' complaint. To reiterate, those four counts assert causes of action for negligence, nuisance, trespass and intentional infliction of emotional distress, respectively. CT Page 4454
I. COUNTS ONE AND TWO.
The defendants argue that they may not be held liable to the plaintiffs the theories of negligence or nuisance as a matter of law, because the construction, operation and maintenance of the Plant are governmental functions.
 "[A] defect in the plan upon which the system was constructed, if one existed, was the result of an error of judgment on the part of the officers of the public corporation on which has been cast the burden of discharging a governmental duty of a quasi-judicial character. . . . For consequential damage resulting from the failure to discharge such a duty the defendant is not liable. . . . [T]his principle is too firmly [e]ntrenched in repeated decisions of this court to be overturned or modified. But the rule which thus exempts municipalities from liability while acting in the discharge of a public duty does not relieve them from responsibility for the consequences of the particular acts which the municipality has directed to be performed, and which, from their character and the manner in which they are so ordered to be executed, will naturally work a direct injury to the property of others, or create a nuisance, or occasion a wanton injury to the property or rights of other persons. . . . Where, therefore, the plan of construction is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in a direct trespass upon their property, the municipality cannot claim immunity, since such a result would constitute can appropriation of property without compensation. So, in the present case, if the plan adopted by the city failed to provide an outlet of sufficient size to carry off the surface water which might reasonably be expected to accumulate under ordinary conditions, with the result that the water thus collected was discharged in a body upon the plaintiff's property, the city could not escape CT Page 4455 liability for the resulting invasion of the plaintiff's rights upon the plea that it was acting in the discharge of a governmental duty.
(Citations omitted; emphasis added; internal quotation marks omitted.) Spitzer v. Waterbury, 113 Conn. 84, 89-90, 154 A.2d 157
(1931).
Therefore, though they would be entitled to immunity for alleged negligence in the decisional process regarding the adoption of the plans to construct, operate or maintain the Plant, the defendants in the present case are not immune from liability if they in fact engaged in that construction, operation or maintenance in a negligent fashion. Id. "[T]the conclusion of negligence is necessarily one of fact." Michaud v. Gurney,168 Conn. 431, 434, 352 A.2d 857 (1975). It follows that a material issue of fact remains and the defendants' motion for summary judgment as to counts one and two of the plaintiffs' complaint should therefore be denied. Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
II. COUNT THREE.
The plaintiffs assert claims for trespass in count three, based on the alleged obnoxious odors and infestation of insects caused by the negligent construction, operation or maintenance of the Plant. The defendants argue that they are entitled to judgment as a matter of law, because no cause of action for negligent trespass to land exists.
The factual allegation supporting the plaintiff trespass claim in the present case are incorporated from the allegation of count two of the complaint, which in turn are incorporated from count one. Count one alleges only negligence against the defendants. The defendants do not dispute the material factual allegations that they constructed, operated and maintained the Plant.
"The essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." (Emphasis added.) Abington Ltd.Partnership v. Talcott Mountain Science Center for StudentInvolvement, Inc., 43 Conn. Sup. 424, 427,___ A.2d ___ (1994). CT Page 4456 "[U]nder the undisputed factual circumstances presented, we conclude that no genuine issue of material fact exist[s], and that, as a matter of law, a fair and reasonable trier could not possibly determine that the [defendants'] conduct was wilful. . . ." Dubay v. Irish, 207 Conn. 518, 534, 542 A.2d 711
(1988).
Therefore, the plaintiff cannot, as a matter of law, recover against the defendant on a theory of trespass. Id. It follows that the defendants' motion for summary judgment as to count three of should be granted. Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
III. COUNT FOUR.
The plaintiff assert claims for intentional infliction of emotional distress in count four. The defendant argues that the plaintiffs have failed to state a claim upon which relief can be granted, because they have not made any factual allegations different from or additional to those upon which they rely in their claim of negligence in count one.
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110, 529 A.2d 745 (1987). There is no dispute between the parties regarding the material facts underlying the plaintiffs' claims-that the defendants constructed, operated and maintained the Plant. In count four of the complaint, the plaintiff incorporates the factual allegations of count one, by reference through counts two and three. Count one asserts a cause of action against the defendant sounding in pure negligence. The only real difference between counts one and four is that the factual allegations in count four are followed by words like "intentionally and/or recklessly." Again, there is no dispute as to the material facts alleged by the plaintiff and the record before the court is completely absent of any evidence from which intentional conduct by the defendants can be inferred. See Dubay v. Irish, supra, 207 Conn. 532, 534. It follows that the defendants' motion for summary judgment as to count four should be granted. Id.
CONCLUSION
Based on the foregoing, the defendants' motion for summary as CT Page 4457 to counts one and two is denied. The defendants' motion for summary judgment as to counts three and four is granted.
Hurley, J.