[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
In this six-count complaint the plaintiff, Courtney Ellison, alleges that, on May 22, 1994, a dog owned by the defendant Jennifer E. Scott bit her on the leg. Counts two through six are directed against the City of Hartford and Thomas Fuller and Gerald Cloutier, two Hartford police officers assigned to the canine control unit.
In count two of her complaint, Ellison alleges that Fuller and Cloutier were negligent in discharging their duties because they released the dog into Scott's custody even though they knew of the dog's dangerous propensities. In count three, Ellison alleges that Hartford is vicariously liable for Fuller and Cloutier's negligence under General Statutes § 7-465 and/or CT Page 541 § 7-101a. In count four, Ellison alleges that Hartford was negligent in training Fuller and Cloutier and is therefore responsible for their negligent actions alleged in count two. In count five, Ellison alleges that Fuller and Cloutier recklessly and wantonly disregarded her rights and safety. In count six, Ellison claims that Hartford and the Hartford Police Department acted recklessly and wantonly by releasing Scott's dog from their custody.
On July 22, 1996, the defendants, Fuller, Cloutier, Hartford and the Hartford Police Department, filed this motion to strike counts two through six of Ellison's complaint on the ground that governmental immunity precludes Ellison from asserting her claims against them. The plaintiff argues that governmental immunity does not apply because the acts complained of were ministerial, the defendants were statutorily negligent, and the defendants acted wantonly and recklessly.
— I —
A municipality is not liable for negligently performing a public governmental function, unless a statute imposes liability.Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984); Spitzer v.City of Waterbury, 113 Conn. 84, 87 (1931). A municipality may not, however, successfully assert governmental immunity when (1) the act complained of is ministerial, rather than discretionary, or (2) the defendant was aware that its conduct threatened an identifiable person with imminent harm. See Shore v. Stonington,187 Conn. 147, 153 (1982).
A ministerial duty is one "which is to be performed in a prescribed manner without the exercise of judgment or discretion." Wright v. Brown, 167 Conn. 464, 471 (1975). In Shorev. Stonington, supra, 187 Conn. 153 (it was held that governmental immunity does not apply when "the duty to act is clear and unequivocal." Decisions regarding whether a dog is dangerous and should be destroyed or contained have generally been held to be discretionary and, thus, protected by governmental immunity. Wright v. Brown, supra, 167 Conn. 471-72;Richmond v. Thames Harbour Associates, Inc., Superior Court, judicial district of New London at New London, Docket No. 531340 (February 1, 1996); Santiago v. Fuller, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521566 (November 11, 1995, Corradino, J.); Lebrun v. York, Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 542 Docket No. 539534 (September 15, 1995, Corradino, J.); Bethea v.Gary, Superior Court, judicial district of New Haven at New Haven, Docket No. 299571 (April 18, 1995, Gray, J.); Portnoy v.King, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 0087873 (November 6, 1990, Katz, J.).
Plaintiff's allegations in counts two through four assert claims against the defendants based on the discretionary actions of the two police officers concerning the destruction or containment of Scott's dog and fail to assert that plaintiff was an identifiable victim of an imminent harm resulting from such actions. Since, under these circumstances, the defendants are protected by governmental immunity counts two through four are insufficient at law.
— II —
In counts five and six of the complaint, the plaintiff alleges that the defendants recklessly and wantonly failed to discharge their duties in violation of General Statutes §52-557n (b)(7). That statute provides in pertinent part: "Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety. . . ." The defendants argue that these counts should be stricken because in these counts the plaintiff merely realleges the negligence counts and characterizes them as "reckless and wanton."
The bare allegation that certain conduct is reckless is legally insufficient to raise an actionable claim of reckless misconduct. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985). Sufficient facts must be alleged to infer that the defendants' conduct went beyond mere negligence.Dean v. Ballas, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 028582 (Mancini, J., October 30, 1989). A plaintiff cannot transform a count to reckless, wilful or wanton misconduct merely by appending a CT Page 543 string of adjectives to allegations that clearly sound in negligence. Brown v. Branford, supra, 12 Conn. App. 110; Hennesseyv. Puglisi, Judicial District of Hartford/New Britain at Hartford No. CV92 0517239 (May 18, 1993, Wagner, J.); see also Dubay v.Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988).
Counts five and six of the plaintiff's complaint merely reallege the negligence counts without alleging any additional facts to support the allegation of reckless or wanton conduct and are insufficient in their present form either to sustain a claim for reckless and wanton conduct or to state a cause of action for reckless disregard for health or safety under the statute.
Motion to strike counts two through six granted.
Jerry Wagner Trial Judge Referee