[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On February 22, 2001, the plaintiff, Rosalee Coggins, filed a six-count complaint against the defendant, the city of Waterbury, alleging that the defendant's sewage system was defective in that it discharged sewage onto her property. In her complaint, the plaintiff alleges negligence at common law, negligence pursuant to General Statutes § 52-557n, trespass, private nuisance, public nuisance, and negligent infliction of emotional distress. On April 2, 2001, the defendant filed a motion to strike counts one, three, four and five, along with a supporting memorandum of law, on the ground that the plaintiff fails to allege legally sufficient causes of actions. On April 24, 2001, the plaintiff filed a memorandum of law in opposition to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580.
With respect to count one, the defendant argues that the plaintiff has failed to allege a violation of any statute, and that a common law claim of negligence is insufficient because the city is immune from liability for common law negligence claims. The plaintiff argues that she does not have to specifically plead a statutory negligence cause of action (§ CT Page 928152-557n) in order to sufficiently plead an action for negligence because sewer construction and repair is a ministerial function and, for that reason, the defendant is not immune and can be held negligent at common law.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts. For example, [a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Citations omitted; internal quotation marks omitted.) Heigl v. Board of Education,218 Conn. 1, 4, 587 A.2d 423 (1991). "This court has . . . discussed extensively the difference between a ministerial and a discretionary act. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed maimer without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted; internal quotation marks omitted.) Id., 5; see also Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
With respect to sewers, our Supreme Court has held that "[t]he work of constructing drains and sewers, as well as that of keeping them in repair, is ministerial, and the municipality is responsible for negligence in its performance." Spitzer v. Waterbury, 113 Conn. 84, 88,154 A. 157 (1931); see also Voghel v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 134423 (September 9, 1999,Vertefeuille, J.); Baranowsky v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 133416 (November 19, 1998, Shortall,J.); Fuller v. Norwalk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130431 (August 20, 1996, Lewis,J.).
In her complaint, the plaintiff alleges that the defendant was negligent in its construction, repair, and maintenance of the city's sewer system. The city is not immune from ministerial acts such as construction and repair of sewers. See Spitzer v. Waterbury, supra,113 Conn. 88. The plaintiff has sufficiently alleged a negligence cause of action. Consequently, the court hereby denies the motion to strike count one.
The defendant next argues that the plaintiff has failed to sufficiently allege a cause of action for trespass. The essential elements of a trespass action are: "(1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiffs exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." Abington Ltd. Partnership v. Talcott MountainCT Page 9282Science Center, 43 Conn. Sup. 424, 427, 657 A.2d 732 (1994). "[A] trespass need not be inflicted directly on another's realty, but may be committed by discharging foreign polluting matter at a point beyond the boundary of such realty. . . . In order that there may be a trespass . . . [i]t is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter [on the property]." (Citations omitted; internal quotation marks omitted.) Matherv. Birken Manufacturing Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 564862 (December 8, 1998, Hennessy, J.) (23 Conn.L.Reptr. 443); Ahnert v. Getty, Superior Court, judicial district of New London at New London, Docket No. 537008 (April 4, 1997,Handy, J.).
In her complaint, the plaintiff alleges that she was the owner of the real property where the sewage discharged, that the defendant caused the sewage to be discharged onto the plaintiffs property by negligently constructing and negligently maintaining the sewer system, and that the sewage caused damage to her property. The plaintiff fails to specifically allege that the defendant intentionally caused the sewage to enter the plaintiffs property, but she does allege that "the defendant in the exercise of reasonable care and inspection should have known of the conditions of the sewer system including its propensity to flow into the plaintiffs home and should have remedied same, yet failed to do so." (Complaint ¶ 5(e).)
Even in construing the facts in the complaint most favorably to the plaintiff, the plaintiff fails to sufficiently allege that the defendant intentionally caused the sewage to enter her property. The plaintiff does not allege any facts that the defendant acted intentionally or that it acted with the knowledge that there was a substantial certainty that sewage would enter her property. See Mather v. Birken Manufacturing Co., supra, 23 Conn.L.Rptr. 443 (granting a motion to strike because the plaintiffs did not sufficiently allege that "the defendant knew with substantial certainty that contaminants would migrate . . . to the plaintiffs' properties"). The plaintiff merely alleges that the plaintiff "should have known" of "its propensity to flow," which are not sufficient facts to establish the element of intentional entry. For the foregoing reasons, the court finds that the plaintiff has failed to state a cause of action for trespass. Consequently, the defendant's motion to strike count three is hereby granted.
Finally, the defendant argues that counts four and five, private nuisance and public nuisance respectively, are also insufficient because the plaintiff fails to allege in either count the basic elements of a nuisance action. Specifically, the defendant argues that the plaintiff fails to allege that the sewer system had a natural tendency to create CT Page 9283 danger and inflict injury upon person or property, and that the plaintiff fails to allege that the use of the sewers was unreasonable or unlawful.
"A nuisance, whether private or public, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). In order to recover under a nuisance theory, a plaintiff must prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiffs'] injuries and damages." Tomasso Bros., Inc. v.October Twenty-Four, Inc., 221 Conn. 194, 197, 602 A.2d 1011 (1992), aff'd, 230 Conn. 641, 646 A.2d 133 (1994).
Although the plaintiff has not alleged the specific language as stated in Tomasso Brothers, Inc. v. October Twenty-Four, Inc., supra,221 Conn. 197, the plaintiff has arguably alleged a sufficient cause of action for nuisance in counts four and five. Specifically, the plaintiff alleges that the defendant created a continuously dangerous condition when it negligently constructed and negligently maintained its sewer system. The plaintiff alleges the unreasonableness of the defendant's use of the sewer system by her allegation that the defendant constructed and maintained it in a negligent and careless way. Moreover, the plaintiff alleges that as a result of such negligent conduct, the defendant proximately caused damage to plaintiffs property when sewage discharged upon her property. See Connecticut L.P. Co. v. Streckfus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545198 (Nov. 16, 1995, Hennessy, J.) (finding sufficient facts for a nuisance action where "the plaintiff alleges that the defendants' actions inflicted injury on its property, the injury was a continuing one, the use of the land was unreasonable, and the nuisance was the proximate cause of the injury"). The court finds that the plaintiff has alleged sufficient facts for both private and public nuisance. Consequently, the court hereby denies the motion to strike counts four and five.
By the Court,
 ________________________ JOSEPH W. DOHERTY, JUDGE