[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The original plaintiffs in this case were Quinto Giunta, the owner of premises located at 6 Vani Court, Westport, his son, Richard Giunta and Richard's wife, Karen Giunta, and their twin sons, Christopher and Michael, nine years old, all of whom reside at 6 Vani Court. During the pendency of this action, Quinto Giunta died, and his son continues to CT Page 6234 pursue the case in his individual capacity, but also as the executor of the estate of Quinto Giunta, deceased. The defendant is the town of Westport and its commissioner of public works, but the case was subsequently withdrawn as to the commissioner. The case involves odors allegedly emanating from the town's sewage treatment plant.
The plaintiffs have filed a "fourth revised complaint" dated October 9, 2001, which contains nine counts, including a claim for injunctive relief. The defendant has filed a motion (#143) to strike all nine counts. Each of the challenged counts will be analyzed in turn to decide whether they should be stricken.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
First Count-Private Nuisance
The plaintiffs allege that Richard Giunta now owns the subject premises and that his wife and children also reside therein; that for a great number of years they "have been forced to endure intermittent, yet persistent, obnoxious odors, mostly that of raw sewage sufficient to warrant a gag response" from the municipal sewer plant located about a mile away from their home; that the defendant knew of this condition and the effect on the plaintiffs; that there were "continually unfulfilled promises of corrective action, continually and repeated missed deadlines, unrealized proposals and non-utilization of appropriated funds to correct the problem;" that the plaintiffs have been deprived of the right to use and enjoy their property in a variety of ways; that in 1993, the Connecticut Department of Environmental Protection (DEP) filed a notice that the sewer plan as operated by the defendant violated section22a-174-23 (a)(1) of the Regulations of Connecticut State Agencies;[1]
and that in 1998, the DEP issued an order to the defendant that problems with the sewer plant be rectified, but that the defendant had not complied with this order in any significant way and the plaintiffs continue to suffer damages as a result. CT Page 6235
In seeking to strike the first count, the defendant argues that: (1) Richard Giunta is the sole owner of the subject premises, not his wife and children, and that the first count claiming nuisance may be pursued only by an owner of property; (2) a municipality such as the defendant may be liable only when it creates a nuisance, and that mere nonfeasance does not set forth a proper cause of action; and (3) it is immune from liability because the operation of a sewer plant involves a discretionary governmental activity, not a ministerial function.
The subject of what constitutes a common law cause of action in private nuisance was discussed at some length in the recent case of Pestey v.Cushman, 259 Conn. 345, 788 A.2d 496 (2002), where our Supreme Court ruled: "On the basis of our reexamination of our case law and upon our review of private nuisance law as described by the leading authorities, we adopt the basic principles of § 822 of the Restatement (Second) of Torts and conclude that in order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiffs use and enjoyment of his or her property. The interference may be either intentional . . . if defendant intends act that brings about condition found to be nuisance; or the result of the defendant's negligence. Whether the interference is unreasonable depends upon a balancing of the interests involved under the circumstances of each individual case. In balancing the interests, the fact finder must take into consideration all relevant factors, including the nature of both the interfering use and the use and enjoyment invaded, the nature, extent and duration of the interference, the suitability for the locality of both the interfering conduct and the particular use and enjoyment invaded, whether the defendant is taking all feasible precautions to avoid any unnecessary interference with the plaintiffs use and enjoyment of his or her property, and any other factors that the fact finder deems relevant to the question of whether the interference is unreasonable. No one factor should dominate this balancing of interests; all relevant factors must be considered in determining whether the interference is unreasonable." (Internal citations omitted.) Id, 360-61. Regarding the question of whether the interference is unreasonable, the Supreme Court wrote that: "Ultimately, the question of reasonableness is whether the interference is beyond that which the plaintiff should bear, under all of the circumstances of the particular case, without being compensated." Id. 362. This case refers to the use and enjoyment of one's property. All the plaintiffs reside at 6 Vani Court, and they allege that the use and enjoyment of their home have been adversely affected by the defendant's conduct, thus affording them the right to pursue this action as plaintiffs. CT Page 6236
Contrary to the claim of the defendant municipality, Hillman v.Greenwich, 217 Conn. 520, 528, 587 A.2d 99 (1991), indicates that an action for "private nuisance" may lie against a municipality. Moreover, General Statutes § 52-557n (b)(8) and (9) render a town such as the defendant liable for municipal properties and pollution of the environment.[2] Thus, governmental immunity is not applicable under these facts.
In summary, measuring the allegations in the first count against the essential elements of a cause of action for private nuisance, this court finds that the allegations are sufficient. Accordingly, the motion to strike the first count is denied.
Second Count-Negligence
The plaintiffs have alleged that the defendant owes them a duty of "reasonable care" to prevent them from damage or harm; that by operating the sewer plant in the manner it did, despite the DEP's order, the defendant has violated the duty of due care owed them; and that the plaintiffs have been damaged as a result. The defendant's motion to strike is premised on the claim that its operation of the sewage treatment plant was a discretionary governmental function with respect to which a municipality is immune from liability.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 372, 441 A.2d 620
(1982).
The plaintiffs have adequately plead a cause of action claiming negligence on the part of the defendant municipality. The claim of governmental immunity does not require the granting of the motion to strike this count for the same reasons set forth in the discussion of the first count of common law private nuisance. The motion to strike the second count is denied.
Third Count-Recklessness
At common law, the insertion of the word "reckless" or "recklessness" in a count otherwise stating a claim for negligence is insufficient to CT Page 6237 state a claim of recklessness. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.) Dumond v.Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958).
In count three, the plaintiffs reallege the allegations of negligence, but add new allegations that the defendant's "failure to adequately address, investigate and remediate the odor problem for such an extended time after the inordinate number of complaints . . . constituted and continues to constitute reckless and wanton misconduct."
The plaintiffs in this case have properly alleged the existence of a cause of action for recklessness because they did not simply repeat the allegations of negligence and give them a new label but, to the contrary, made additional allegations referring to reckless and wanton misconduct. The motion to strike the third count is denied.
Fourth Count-Breach of Statutory Duty under General Statutes § 22a-184
The plaintiffs have alleged that the defendant's conduct as outlined in the previous counts constitutes a breach of its obligations to them under General Statutes § 22a-184, which prohibits polluting the air.[3]
The plaintiffs further allege that the defendant's failure to rectify the odor problem at the sewer plant has caused them to be damaged and harmed.
The defendant claims that this statute does not afford the plaintiffs a private cause of action. The motion to strike this count is granted because the statute itself states explicitly that its enforcement is a function of the Attorney General of this state, and the plaintiffs have not cited any authority to the contrary.
Fifth Count-Trespass
The defendant next argues that the plaintiffs have failed to sufficiently allege a cause of action for trespass. The essential elements of a trespass action are: "(1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiffs exclusive possessory interest; (3) done intentionally; and (4) causing direct injury." Abington Ltd.Partnership v. Talcott Mountain, 43 Conn. Sup. 424, 427, 657 A.2d 732
(1994). "[A] trespass need not be inflicted directly on another's CT Page 6238 realty, but may be committed by discharging foreign polluting matter at a point beyond the boundary of such realty. . . . In order that there may be a trespass . . . [i]t is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter [on the property]." (Citations omitted; internal quotation marks omitted.) Mather v. Birken Manufacturing Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 564862 (December 8, 1998,Hennessy, J.) (23 Conn.L.Rptr. 443); Ahnert v. Getty, Superior Court, judicial district of New London at New London, Docket No. 537008 (April 4, 1997, Handy, J.).
In this count, the plaintiffs have alleged that the defendant's conduct in failing to cure the odor problems at the sewer plant constitutes a trespass because the "intolerable odors . . . invade the Plaintiffs' Property." Thus, a cause of action in trespass has been adequately set forth for the purposes of withstanding a motion to strike.
Again, the defendant has urged that it is entitled to governmental immunity as a second ground to strike this count. However, the doctrine of governmental immunity does not apply. In Krozser v. New Haven,212 Conn. 415, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036,110 S.Ct. 757, 107 L.Ed.2d 774 (1990), our Supreme Court stated the following: "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority. . . . In addition, the state cannot use sovereign immunity as a defense in an action for . . . injunctive relief." Id., 421. "We have excepted . . . injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." (Citations omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 330, 709 A.2d 1089
(1998). Although framed in terms of sovereign immunity of the state, the same reasoning applies to governmental immunity of a municipality.
Furthermore, the Supreme Court noted that "[w]here . . . [the activity] is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in a direct trespass upon their property, the municipality cannot claim immunity, since such a result would constitute an appropriation of property without compensation." Peterson v. Oxford, 189 Conn. 740, 748,459 A.2d 100 (1983).
The complaint has sufficiently set forth a cause of action for trespass and governmental immunity is inapplicable. The motion to strike the fifth count is denied. CT Page 6239
Sixth Count-Intentional Infliction of Emotional Distress
The plaintiffs have alleged that the defendant's conduct was "reckless, wilful, wanton," and an "extreme and outrageous departure from ordinary care" which resulted in their sustaining severe emotional distress, including "the enjoyment and well being of the minor children." The defendant claims that these allegations are insufficient to state a claim upon which relief may be granted and that it is entitled to governmental immunity.
In order to prevail on a claim for intentional infliction of emotional distress against the defendant, the plaintiff must allege four elements: "(1) that the actor intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."Appleton v. Board of Education of Stonington, 254 Conn. 205, 210,757 A.2d 1059 (2000).
In this case, the plaintiffs have sufficiently alleged all four elements of intentional infliction of emotional distress necessary to withstand a motion to strike. The plaintiffs do not merely assert legal conclusions not supported by any facts, as claimed by the defendant, but rather they made specific factual allegations required to state a claim upon which relief can be granted. Accordingly, the motion to strike this count is denied.
Seventh Count-Negligent Infliction of Emotional Distress
The plaintiffs have alleged in this count that the defendant breached its common law duty of reasonable care and its statutory duty under the environmental laws, as a result of which the plaintiff's claim to have suffered "severe, emotional distress" as well as "extreme anxiety."
The defendant contends that the plaintiffs are merely setting forth conclusions and not facts. The defendant also claims it is immune from liability because of its status as a municipality.
As explained by our Supreme Court in Parsons v. United TechnologiesCorp., 243 Conn. 66, 88-89, 700 A.2d 655 (1997), in order to prevail on a claim for negligent infliction of emotional distress, the plaintiff must show that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . ." CT Page 6240
The motion to strike the seventh count is denied because the plaintiffs have sufficiently set forth a cause of action for negligent infliction of emotional distress.
Eighth Count-Injunction
The plaintiffs seek a mandatory injunction in the eighth count ordering the defendant municipality to take immediate steps and repairs "to remediate the odor problem pending the equally necessary, permanent corrections."
The defendant argues that the plaintiffs have not adequately indicated that they are suffering irreparable harm. The town also claims that the DEP has exclusive jurisdiction over this controversy and this court would be "usurp(ing) the expertise and authority of the DEP" were it to get involved in this case. This claim could have been asserted in a motion to dismiss for lack of subject matter jurisdiction but was not.
In terms of the plaintiffs' application for an injunction, it is well established that a party seeking a permanent injunction "has the burden of proving irreparable harm and lack of an adequate remedy at law. . . . The request for injunctive relief is addressed to the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction. . . ." (Citations omitted; internal quotation marks omitted.) Tomasso Brothers, Inc. v.October Twenty-Four, Inc., 230 Conn. 641, 648, 646 A.2d 133 (1994). "A decision to grant or deny an injunction must be compatible with the equities in the case." Moore v. Serafin, 163 Conn. 1, 6, 301 A.2d 238
(1972).
The plaintiffs have set forth a cause of action for an injunction by alleging that they "have no adequate remedy at law to force the immediate remedies available to obviate the obnoxious odors during the extensive and time consuming permanent remediation," or "to have the Defendant promptly and adequately remedy the defects at the Plant which are causing the release of obnoxious odors." If the plaintiffs prove one or more counts of their complaint, they should have available an injunction as a possible remedy. Accordingly, the motion to strike the eighth count is denied.
Ninth Count-Unconstitutional Taking of Property
In this count, the plaintiffs allege that the defendant has taken their property without paying just compensation as required by the Connecticut constitution because the defendant has "substantially interfered" with CT Page 6241 the plaintiffs' "right to the use and enjoyment of their lives and Property to a substantial degree." The defendant claims that the plaintiffs' property has not been "taken," because it is still being used as a residential dwelling and has not been rendered useless.
"We begin our analysis of this claim by setting forth the general, well established principles that govern the taking of real property by eminent domain. The fifth amendment to the United States constitution, as applied to the states through the due process clause of the fourteenth amendment . . . provides that private property [shall not] be taken for public use, without just compensation. U.S. Const., amend. V. Article first, § 11, of the Connecticut constitution similarly provides that `[t]he property of no person shall be taken for public use, without just compensation therefor.'" (Citations omitted; internal quotation marks omitted.) Northeast Ct. Economic Alliance, Inc. v. ATC Partnership,256 Conn. 813, 827-28, 776 A.2d 1068 (2001).
The plaintiffs have adequately pled a cause of action for the taking of property without compensation under the federal and state constitutions. See Spitzer v. Waterbury, 113 Conn. 84, 89, 154 A. 157 (1931) (referring to trespass on one's property by reason of municipal activities.) "[S]uch a result would constitute an appropriation of property without compensation." Peterson v. Oxford, supra, 189 Conn. 749.
In summary, the defendant's motion to strike is granted as to the fourth count, but is denied as to all of the other counts of the plaintiffs' complaint.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of May, 2002.
William B. Lewis, Judge (T.R.)